UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER VATAJ,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM D. JOHNSON, et al.,<br><br>Defendants. | Case No. 19-cv-06996-HSG<br><br>**ORDER GRANTING STIPULATION TO APPOINT CO-LEAD PLAINTIFFS AND APPROVING SELECTION OF CO-LEAD COUNSEL**<br><br>Re: Dkt. No. 33 |

Pending before the Court is the stipulation appointing co-lead plaintiffs and approving the selection of co-lead counsel in this securities class action. *See* Dkt. No. 33. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). Having considered the parties' stipulation and supplemental briefing, the Court **GRANTS** the stipulation.

I.  **BACKGROUND**

Christopher Vataj filed this securities class action on October 25, 2019, on behalf of a class of "all persons other than Defendants who purchased or otherwise acquired PG&E securities between December 11, 2018, and October 11, 2019." *See* Dkt. No. 1 at ¶ 1. The complaint alleges that following PG&E's bankruptcy in the wake of the California wildfires, PG&E began initiating rolling power outages to reduce the risk of future wildfires. *See id.* at ¶ 5. The complaint further alleges that Defendants, individual officers at PG&E, made materially false and misleading statements that failed to disclose: (i) PG&E's new wildfire prevention and safety protocols were inadequate; and (ii) PG&E was unprepared for the rolling power outages. *See id.* at ¶ 6. The New York Times published an article on October 12, 2019, detailing the company's protocol failures, and PG&E's stock prices fell as a result. *See, e.g.*, *id.* at ¶¶ 7–10.

Three movants filed timely motions seeking appointment as lead plaintiff and approval of lead counsel under the Private Securities Litigation Reform Act of 1995 ("PSLRA") and Civil Local Rule 3-7(b): (1) Iron Workers Local 580 Joint Funds and Ironworkers Locals 40, 361 & 417 Union Security Funds ("Iron Workers Funds"), Dkt. No. 19; (2) Robert Allustiarti, Dkt. No. 23; and (3) Bob Vavla, Dkt. No. 25. However, on January 6, 2020, Mr. Vavla filed a notice of withdrawal of his motion. *See* Dkt. No. 32. Iron Workers Funds and Mr. Allustiarti subsequently filed a stipulation agreeing to be co-lead plaintiffs, and selected and retained Pomerantz LLP and The Rosen Law Firm, P.A. to serve as co-lead counsel. *See* Dkt. No. 33.

## II. APPOINTMENT OF CO-LEAD PLAINTIFFS

The PSLRA "instructs district courts to select as lead plaintiff the one 'most capable of adequately representing the interests of class members.'" *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i)). "The 'most capable' plaintiff—and hence the lead plaintiff—is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *Id.* The Ninth Circuit interprets the PSLRA as establishing "a simple three-step process for identifying the lead plaintiff pursuant to these criteria." *Id.*

### A. Step One

Step One consists of meeting the PSLRA's notice requirement. *Id.* "The first plaintiff to file an action covered by the [PSLRA] must post this notice 'in a widely circulated national business-oriented publication or wire service.'" *Id.* (quoting 15 U.S.C. § 78u-4(a)(3)(A)(i)). The notice must be published within 20 days of the complaint's filing. 15 U.S.C. § 78u-4(a)(3)(A)(i). The notice must also alert putative class members "(I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." *Id.*

Here, notice was published in *Globe Newswire* on the same day that the complaint was filed. *See* Dkt. No. 12-1, Ex. A. This clearly complied with the PSLRA's 20-day filing deadline. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Further, *Globe Newswire* is a "widely circulated national

business-oriented news reporting service," as is required. *See Cavanaugh*, 306 F.3d at 729 (quoting 15 U.S.C. § 78u-4(a)(3)(A)(i)). Finally, the notice announced the filing of this class action, described the asserted claims, specified the putative class period, and explained that any motion to be appointed lead plaintiff had to be filed by December 24, 2019. *See* Dkt. No. 12-1, Ex. A. For these reasons, the Court finds that Step One's requirements are met.

**B.   Step Two**

Step Two consists of identifying the presumptive lead plaintiff. *See Cavanaugh*, 306 F.3d at 729–30. There is a rebuttable presumption that the "most adequate plaintiff" is the one who "(aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i); (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Thus, once the filing requirement of subsection (a)(3)(B)(iii)(I)(aa) is met, "the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d at 730. The district court "must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.* If so, then that party is the presumptive lead plaintiff. *Id.*

Here, Iron Workers Funds and Mr. Allustiarti timely filed their motions to be appointed lead plaintiffs on December 24, 2019, satisfying subsection (a)(3)(B)(iii)(I)(aa). Moreover, as co-lead plaintiffs they suffered alleged losses totaling approximately $768,000 in connection with their purchases of PG&E securities.[1] *See* Dkt. No. 19 at 8–10; Dkt. No. 23 at 5. Because Mr.

---

[1] Although the PSLRA permits groups of persons to serve as a lead plaintiff, 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Ninth Circuit has left open the question of whether the PSLRA permits groups of persons without an existing relationship to aggregate their financial losses to become lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 731, n.8 (9th Cir. 2002). Nevertheless, this Court "has held that a group of previously-unrelated investors may show that it is an adequate class representative if it demonstrates that the group is small and cohesive, and that the individual members have demonstrated an ability to work together effectively on behalf of the class." *See, e.g.*, *In re Aqua Metals Sec. Litig.*, No. 17-CV-07142-HSG, 2018 WL 4860188, at *4 (N.D. Cal. May 23, 2018). The Court finds that Iron Workers Funds and Mr. Allustiarti have made this showing, by attesting that they "are committed to supervising the conduct of this litigation by their

Vavla withdrew his motion, Iron Workers Funds and Mr. Allustiarti's stipulation for appointment as co-lead plaintiffs is unopposed and no one claims to have suffered greater losses than them. Iron Workers Funds and Mr. Allustiarti thus have "the most to gain from the lawsuit." *See Cavanaugh*, 306 F.3d at 730.

Next, the Court turns to the "typicality" and "adequacy" requirements of Rule 23(a). The Court finds that "typicality" is satisfied because the claims and defenses of Iron Workers Funds and Mr. Allustiarti "are typical of the claims and defenses of the class." *See* Fed. R. Civ. P. 23(a)(3). Like other putative class members, Iron Workers Funds and Mr. Allustiarti allege that during the class period, they acquired PG&E securities at prices that were inflated by Defendants' material misrepresentations and omissions, and that they consequently suffered damages. *See* Dkt. No. 19 at 10–12; Dkt. No. 23 at 5–7.

In addition, Iron Workers Funds and Mr. Allustiarti represent that no antagonism exists between their interests and those of other class members. *See id.* And given that their stipulation is now unopposed, the Court has no reason to doubt this representation. *Cf. Ziolkowski v. Netflix, Inc.*, No. 17-cv-01070-HSG, 2017 WL 2572583, at *3 (N.D. Cal. June 14, 2017) (finding the typicality requirement satisfied where an unopposed movant represented that there was "no evidence of antagonism between his interests and those of the proposed class"). The Court also finds that "adequacy" is satisfied because Iron Workers Funds and Mr. Allustiarti "will fairly and adequately protect the interests of the class." *See* Fed. R. Civ. P. 23(a)(4). Like the lead plaintiff appointed in *Ziolkowski*, Iron Workers Funds and Mr. Allustiarti's "substantial financial stake in the outcome of this litigation, [their] timely filing of [their] motion[s], and the quality of [their] briefing all demonstrate that [they are] both motivated to, and capable of, vigorously pursuing this litigation." *See* 2017 WL 2572583, at *3 (quotation omitted).

Consequently, the Court finds that Step Two's requirements are met.

**C. Step Three**

Step Three consists of "giv[ing] other plaintiffs an opportunity to rebut the presumptive

---

counsel" and by having already worked cooperatively to file their stipulation. *See* Dkt. No. 33 at 2.

4

lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Cavanaugh*, 306 F.3d at 730. As already noted, Iron Workers Funds and Mr. Allustiarti's stipulation is now unopposed. Since their presumptive lead plaintiff status is not rebutted, Step Three's requirements are met, and Iron Workers Funds and Mr. Allustiarti's appointment as co-lead plaintiffs is appropriate.

### III. APPOINTMENT OF CO-LEAD COUNSEL

Iron Workers Funds and Mr. Allustiarti have selected and retained the law firms of Pomerantz and Rosen Law to serve as co-lead counsel. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."). The Court defers to Iron Workers Funds' and Mr. Allustiarti's choice of co-lead counsel because their choice is not "so irrational, or so tainted by self-dealing or conflict of interest, as to cast genuine and serious doubt on [its] willingness or ability to perform the functions of lead plaintiff." *See Cavanaugh*, 306 F.3d at 733; *see also id.* at 739, n.11 ("Congress gave the lead plaintiff, and not the court, the power to select a lawyer for the class."). Both firms have extensive experience as lead counsel in securities class actions. *See, e.g.*, Dkt. No. 19 at 12–13; Dkt. No. 20-4, Ex. D; Dkt. No. 23 at 7; Dkt. No. 24-4, Ex. 4; *see also* Dkt. No. 41 at 2. Having reviewed the supplemental briefing in support of the stipulation to appoint co-lead plaintiffs and co-lead counsel, *see* Dkt. No. 41, the Court is also satisfied that the two firms will work cooperatively to promote the efficient representation of the putative class. Although the Court will not order the two appointed firms to play particular roles in the litigation, it does order that Defendant's counsel may rely upon all agreements made with any appointed counsel, or other duly authorized representative of appointed counsel, and such agreements shall be binding on all plaintiffs. *See Norfolk Cnty. Ret. Sys. v. Solazyme, Inc.*, 2015 U.S. Dist. LEXIS 138654, at *7–*8 (N.D. Cal. Oct. 8, 2015).

### IV. CONCLUSION

The Court accordingly **GRANTS** the stipulation appointing co-lead plaintiffs and approving selection of co-lead counsel. Dkt. No. 33. Within ten days of this order the parties **SHALL** submit a stipulation and proposed order regarding the schedule for the filing of a

5

consolidated or amended complaint and the filing of Defendants' response.  This terminates Dkt. Nos. 19, 23.

**IT IS SO ORDERED.**

Dated: 2/3/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge