# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER VATAJ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM D. JOHNSON, JOHN R. SIMON, GEISHA WILLIAMS, and JASON P. WELLS,<br><br>Defendants. | Case No. 4:19-cv-06996-HSG<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**<br><br>**Date:** August 20, 2020<br>**Time:** 2:00 p.m.<br>Oakland Courthouse<br>**Dept.:** Courtroom 2 (4th Floor)<br>**Judge:** Hon. Haywood S. Gilliam, Jr. |

PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
CASE NO. 4:19-cv-06996-HSG

**INTRODUCTION**

Defendants Geisha Williams, Sumeet Singh, and William Johnson attach three exhibits comprising of extraneous material to their motion to dismiss (ECF No. 59), and request that this Court consider these exhibits either because they claim that Plaintiffs' Amended Complaint ("Complaint") (ECF No. 58) incorporates them by reference, or simply because the Court can take judicial notice of the documents.[1]

Defendants do not claim that the Complaint misquotes them or their written public statements, or that further information is required to contextualize the well-pleaded allegations. Considered properly, Defendants' exhibits do not undermine the Complaint's well-pleaded allegations and the reasonable inferences that must be drawn therefrom. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-24 (2007) ("competing inferences" on a Rule 12(b)(6) motion must be "draw[n] from the facts alleged" and accept the truth of complaint allegations).

Alternately, where extrinsic evidence is considered for its truth to dispute well-pleaded factual allegations at the pleading stage, a defendants' motion dismiss be converted to one for summary judgment, entitling plaintiffs to full discovery prior to any substantive ruling on the merits.[2]

**A.    Relevant Standards**

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)). There are two exceptions to this rule.

Courts may consider documents under the "incorporation by reference" doctrine, which "a defendant may seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Id.*, 899 F.3d at 1002 (internal citation omitted). However, "[t]he incorporation-by-reference doctrine does not override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff

---

[1] *See* Defendants' Request for Judicial Notice in Support of Motion to Dismiss Amended Class Action Complaint ("RJN") (ECF No. 61) and exhibits thereto (ECF. Nos. 61-1 through 61-3)).

at the pleading stage," and "[a]lthough incorporation by reference generally permits courts to accept the truth of matters asserted in incorporated documents, we reiterate that it is improper to do so only to resolve factual disputes against the plaintiff's well-pled allegations in the complaint." *Id.*, 899 F.3d at 1014.

Courts may also take "judicial notice of 'matters of public record'" to the extent permitted by Rule 201 of the Federal Rules of Evidence. Courts may not, however, "take judicial notice of *disputed facts* contained in such public records." *Id.* (citing *Lee*, 250 F.3d at 689)) (emphasis added).

### B.    Courts May Not Take Judicial Notice Of The Truth Of Any Information Contained In Documents Defendants Claim Are Incorporated By Reference

Plaintiffs take no position on Defendants' request to incorporate by reference and/or judicially notice Exhibits A & B to the RJN to the limited extent those documents are referenced and relied upon as part of the Complaint's moving allegations, *see* ECF Nos 61-1 & 61-2. As the Ninth Circuit has cautioned, however, courts should not take judicial notice of the *truth* of any of such statements, and the "inferences a court may draw from an incorporated document" should "be approached with caution." *Khoja*, 899 F.3d at 1003:

> We have stated that, unlike judicial notice, a court "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." …. While this is generally true, *it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well pleaded complaint*. This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage. *See In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016) ("At the motion to dismiss phase, the trial court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff.") [*Id.*] (Internal citations omitted).

Put simply, the PSLRA "in no way turns  FRCP 12 into a trial-type, papers-only proceeding." *In re LDK Solar Sec. Litig.,* 584 F. Supp. 2d 1230, 1260 (N.D. Cal. 2008).

If the truth of the matters asserted in documents incorporated by reference or judicially noticed could be considered, defendants in securities cases could self-immunize their misconduct, a result fundamentally at odds with the purpose underlying the federal securities laws, which is "to

substitute a philosophy of full disclosure for the philosophy of caveat emptor." *Howard v. Everex Systems, Inc.*, 228 F.3d 1057, 1061 (9th Cir. 2000); *Khoja*, 899 F.3d at 999.

### C.   Courts May Not Take Judicial Notice of the Truth of Any Information Contained in Documents Not Cited in the Complaint

Finally, with respect to Exhibit C to the RJN (ECF No. 61-3), courts in this District have held that where judicial notice is requested for documents not cited or referenced in a complaint, the incorporation by reference doctrine does not apply. *See Pearce v. Bank of Am. Home Loans*, No. C 09-3988 JF, 2010 WL 689798, at *3 (N.D. Cal. Feb. 23, 2010) (holding that a document whose contents were not alleged in the complaint was "beyond the scope of the incorporation-by-reference doctrine"); *Witriol v. LexisNexis Grp.*, No. C05-02392 MJJ, 2006 WL 4725713, at *3 (N.D. Cal. Feb. 10, 2006) (refusing to consider press release not expressly referenced or implicitly relied upon in the complaint).

Where courts judicially notice such documents, they should not assume the truth of statements contained therein where "such assumptions only serve to dispute facts stated in [the] well pleaded complaint." *Khoja*, 899 F.3d at 1003.

### CONCLUSION

This Court should not draw any contrary inferences from any of the documents for which Defendants seek incorporation and/or judicial notice. If the Court accepts the contents of these documents as true or otherwise draws inferences therefrom, it must concert the motion to dismiss to one for summary judgment, and allow Plaintiffs to conduct discovery prior to any substantive ruling on the merits.

Dated: June 19, 2020                          Respectfully submitted,

**POMERANTZ LLP**

/s/ Louis C. Ludwig
Patrick V. Dahlstrom
Louis C. Ludwig
 (*admitted pro hac vice*)
Jared Schneider
 (*admitted pro hac vice*)

Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 229-8811
Email: lcludwig@pomlaw.com
Email: jschneider@pomlaw.com

Jeremy A. Lieberman
(*admitted pro hac vice*)
J. Alexander Hood II
(*admitted pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Jonathan Horne (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: jhorne@rosenlegal.com

*Co-Counsel for Co-Lead Plaintiffs*

**THE SCHALL LAW FIRM**
Brian Schall
Sherin Mahdavian
Rina Restaino, Esq.
1880 Century Park East, Suite 404

Los Angeles, CA 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com
sherin@schallfirm.com
rina@schallfirm.com

*Additional Counsel for Plaintiff Allustiarti*