UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER VATAJ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM D. JOHNSON, JOHN R. SIMON, GEISHA WILLIAMS, and JASON P. WELLS,<br><br>Defendants. | Master File No. 4:19-cv-06996-HSG<br><br>**CLASS ACTION**<br><br>**DECLARATION OF LOUIS C. LUDWIG AND JONATHAN HORNE IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**<br><br>Hearing Date: March 11, 2021<br>Time: 2:00 p.m.<br>Location: Oakland Courthouse, Courtroom 2 –2, 4th Floor, 1301 Clay Street, Oakland, CA, 94612. |

JOINT DECLARATION IN SUPPORT OF PRELIMINARY APPROVAL
Master File No. 4:19-cv-06996-HSG

We, Louis C. Ludwig and Jonathan Horne, hereby declare and state as follows:

1.      I, Louis C. Ludwig, am an attorney admitted *pro hac vice* to this Court.  I am an attorney with the law firm of Pomerantz LLP ("Pomerantz"), Court-appointed Co-Lead Counsel for Plaintiffs and the proposed Settlement Class.  I have personal knowledge of the facts set forth herein and if called upon to testify I could and would do so truthfully and accurately.  I submit this declaration, together with the attached exhibits, in support of Plaintiffs' Unopposed Motion for Preliminarily Approval of Settlement.

2.      I, Jonathan Horne, am an attorney admitted *pro hac vice* to this Court.  I am a partner of The Rosen Law Firm, P.A. ("Rosen"), Court-appointed Co-Lead Counsel for Plaintiffs and the proposed Settlement Class.  I have personal knowledge of the facts set forth herein and if called upon to testify I could and would do so truthfully and accurately.  I submit this declaration, together with the attached exhibits, in support of Plaintiffs' Unopposed Motion for Preliminarily Approval of Settlement.

3.      We make this declaration to provide the information required by the United States District Court for the Northern District of California's *Procedural Guidance for Class Action Settlements*.

**I.      The Anticipated Recovery Under the Settlement**

4.      The $10 million cash Settlement Amount amounts to an estimated average recovery of approximately $0.019 per damaged share before the deduction of Court-approved fees and expenses and costs of notice and claims administration, pursuant to the proposed Plan of Allocation.

5.      The costs of the notice and claims administration (*see* Ex. 1, Declaration of Eric Schachter Regarding Notice Plan ("Schachter Decl.") ¶ 15), is estimated to be approximately $0.0005 per damaged share.  If Lead Counsel requests attorneys' fees of up to 25% of the Settlement Fund and reimbursement of the maximum amount of expenses listed in the Notice and the Court approves such request, the cost is estimated to be $0.005 per damaged share.  After deduction of these fees, costs, and expenses, the estimated average recovery per damaged share is approximately $0.014 per damaged share, pursuant to the proposed Plan of Allocation.

6. If Plaintiffs had fully prevailed at both summary judgment and after a jury trial, if the Court certified the same class period as the Settlement Class Period, and if the Court and jury accepted Plaintiffs' damages theory, including proof of loss causation as to each of the stock price drops alleged in this case—*i.e.*, Plaintiffs' best-case scenario, estimated total maximum damages are $2.0 billion. Thus, the $10 million Settlement Amount represents a recovery of 0.5% of damages potentially available in this Action. Damages attributable to Plaintiffs' core de-energization theory are $468 million. On Plaintiffs' best-case scenario in which they prevail only on these de-energization claims, the Settlement Amount represents a recovery of 2.1% of damages.

## II. Estimate of Claims Rate

7. As explained more fully in the Schachter Declaration, A.B. Data, Ltd. ("A.B. Data" or the "Claims Administrator") estimates that, based on PG&E's trading history during the Settlement Class Period, approximately 400,000 Postcard Notices will be mailed to potential Settlement Class Members. Schachter Decl. ¶ 14.

8. Based on A.B. Data's significant experience in notification and claims administrating in private securities litigation matters (*see id.* ¶ 3), the claims rate on average is between 20% of the number of mailings in similar settlements, and on average about 60% of the Claims received and processed by A.B. Data will be valid and eligible for distribution. Schachter Decl. ¶ 14.

## III. There Are No Reversions to the Defendants

9. Under the terms of the Stipulation, no portion of the Settlement Amount will revert to any defendant. *See* Stipulation ¶ B-7.

10. The Settlement contains a condition subsequent that permits Defendants to terminate the Settlement if the aggregate number of allegedly damaged publicly traded Eventbrite securities purchased or acquired during the Settlement Class Period by persons who would otherwise be entitled to participate as members of the Settlement Class, but who timely and validly request exclusion from the Settlement Class exceeds the sum specified in a separate Confidential Supplemental Agreement between Lead Counsel and Defendants' Counsel. *See* Stipulation ¶ L-2.

## IV.    Settlement Administration Selection Process

11.    Lead Counsel retained the Claims Administrator, A.B. Data, to provide (i) notice of the proposed Settlement to investors who make up the Settlement Class; and (ii) the administration of the claims process.

12.    Before retaining A.B. Data, Lead Counsel solicited requests for proposals for notice and administration of the Settlement from four experienced settlement administrators.  All four administrators submitted responses.  Lead Counsel then compared the submitted proposals, taking into consideration each administrator's estimated cost to administer the entire Settlement, the cost of the notice program, and the cost of each processed Claim.  Lead Counsel also considered certain fixed costs associated with the administration of the settlement, such as the construction and maintenance of the settlement website. Lead Counsel rejected one bid because it assumed ten times fewer claims than the other competing bids. Of the remaining bids, A.B. Data had both the lowest fees and the lowest guaranteed maximum fee.

13.    The potential settlement administrators proposed notifying the Settlement Class by Postcard Notice with the Notice sent upon request.  Each potential settlement administrator proposed using paper checks to distribute valid settlement claims.

14.    In the past two years, A.B. Data has administered, or is currently administering, the following settlements in which Rosen Law was sole Lead or Co-Lead Counsel: *In re Sequans Communications S.A. Securities Litigation*, 17-cv-4665-FB-SJB (E.D.N.Y.); *In re Blue Apron Holdings, Inc. Sec. Litig.*, 17-cv-4846-WFK-PK (E.D.N.Y.).

15.    In the past two years, A.B. Data has administered, or is currently administering, the following settlements in which Pomerantz was sole Lead or Co-Lead Counsel: *In re Juno Therapeutics, Inc.*, 16-cv-1069 (W.D. Wash.); *Cooper v. Thoratec Corporation*, 14-cv-00360 (N.D. Cal.); *In re Sequans Communications S.A. Securities Litigation*, 17-cv-4665 (E.D.N.Y.); *In re Blue Apron Holdings, Inc. Sec. Litig.*, 17-cv-4846 (E.D.N.Y.); *Enriquez, et al. v. Nabriva Therapeutics PLC, et al.*, 19-cv-04183 (S.D.N.Y.).

16.    A.B. Data's fees for administration of the Settlement will be charged on a per-service basis and expenses will be billed separately (such as expenses for printing and mailing the Postcard

Notices, and upon request, the Notice and Claims Form, publishing the Summary Notice, establishing and maintaining the settlement website, and establishing and operating the toll-free telephone line).

17.    At this time, A.B. Data estimates that the Notice and Administration Costs, *i.e.*, the anticipated costs administering the proposed postcard notice, processing Claims, and distributing the Net Settlement Fund, among others, will be approximately $265,000.  Schachter Decl. ¶ 15.

18.    These costs are necessary in order to effectuate the Settlement, and at approximately 2.7% of the total Settlement Amount, or $0.0005 per damaged share, are reasonable in relation to the value of the Settlement.  If the Settlement is approved, the Notice and Administration Costs will be paid from the Settlement Fund.  Stipulation ¶¶ B-2, B-5.

## V.    Attorneys' Fees and Litigation Expenses

19.    For their efforts on behalf of the Settlement Class, Lead Counsel will apply for an award of up to 25% of the $10 million Settlement Fund, or $2,500,000.

20.    Lead Counsel's total current lodestar is approximately $810,000, for 1000 hours of attorney and professional support staff time for those individuals based on Lead Counsel's current billing rates.  The anticipated requested fee results in a modest multiplier of 3.0 to Lead Counsel's current total lodestar.

21.    These rates are consistent with the experience of Lead Counsel.  Both Pomerantz and Rosen Law have deep experience in prosecuting securities class actions.  *See* Ex. 2 (Pomerantz firm resume); and Ex. 3 (Rosen Law firm resume).

22.    Lead Counsel will also apply for reimbursement of Litigation Expenses from the Settlement Fund in an amount not to exceed $100,000.  These Litigation Expenses were paid or incurred in connection with the institution, prosecution, and resolution of the claims against the Defendants.

## VI.    Plaintiffs' Request for Reimbursement Under the PSLRA

23.    Lead Counsel also intends to seek an award for the three representative Plaintiffs, pursuant to 15 U.S.C. §78u-4(a)(4), as reimbursement for their time and expenses in representing the Settlement Class in an amount up to $5,000 each, or an aggregate of $15,000.  Lead Counsel

believes this amount is fully supported by the work that Plaintiffs did throughout the Action and the risk that they took in representing the class.  Plaintiffs have prosecuted this Action, including making themselves available to counsel to discuss the case and strategy, reviewing the pleadings and orders filed in the Action, participating in negotiations with Defendants through counsel, and approving the Settlement for the benefit of all Settlement Class Members.  Plaintiffs' involvement will be further presented to the Court in connection with their request for reimbursement.

**VII.    Class Action Fairness Act (CAFA) Notice**

24.    Defendants will provide notice pursuant to CAFA at their own expense.

**VIII.    Past Distributions**

25.    The Class Settlement Guidelines requests information regarding a previous distribution for at least one of Lead Counsel's past comparable class action settlements.  The following chart provides the requested information for two cases in which each of Pomerantz and Rosen served as sole Lead or Co-Lead Counsel:

JOINT DECLARATION IN SUPPORT OF PRELIMINARY APPROVAL
Master File No. 4:19-cv-06996-HSG                                                                                   5

| Matter | *Bruce v. Suntech Power Holdings Co., et al.,* No. 3:12-cv-04061-RS (N.D. Cal.) | *In re Silver Wheaton Corp. Sec. Litig.,* No. 2:15-cv-05146-CAS-PJWx (C.D. Cal.) |
|---|---|---|
| **Total Settlement Fund** | $5,000,000.00 | $41,500,000.00 |
| **Method of Notice** | Mailed and Published Notice | Mailed and Published Notice |
| **Total Number of Sent Notices**[1] | 87,000 | At least 482,778 |
| **The Number of Claim Forms Submitted** | 8,066 | 35,966 |
| **Percentage of Claims Forms Submitted** | 16% | 7.4% |
| **The Number of Acceptable (In Whole or In Part) Claim Forms Submitted** | 2,120 | At least 10,385 |
| **Average Recovery per Claimant (based on number of Acceptable Claims)** | $153.00 | In progress |
| *Cy Pres* **Recipient** | No *cy pres* distribution | No *cy pres* distribution |
| **Amount Distributed to *Cy Pres* Recipient** | | |
| **Administration Costs** | $200,000.00 | In progress |
| **Attorneys' Fees** | $1,400,000.00 | $12,450,000.00 |
| **Litigation Expenses** | $95,000.00 | $1,090,186.76 |

## IX.    List of Exhibits

26.    Attached as Exhibit 1 is a true and correct copy of the Declaration of Eric Schachter Regarding Notice Plan.

27.    Attached as Exhibit 2 is a true and correct copy of the Firm Resume of The Rosen Law Firm, P.A.

---

[1] Lead Counsel is unable to provide the total number of class members, because, as explained further in the Schachter Declaration (¶4), most securities are held under a "street name" system in which the vast majority of investors hold their securities through a brokerage firm, institution, or other third-party nominee and do not actually purchase and hold securities under their own names.

JOINT DECLARATION IN SUPPORT OF PRELIMINARY APPROVAL
Master File No. 4:19-cv-06996-HSG                                                                                6

28.     Attached as Exhibit 3 is a true and correct copy of the Firm Resume of Pomerantz LLP.

We declare under penalty of perjury that the foregoing is true and correct.

Executed on February 19, 2021.

s/ Louis C. Ludwig
Louis C. Ludwig

s/Jonathan Horne
Jonathan Horne