UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER VATAJ, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>       v.<br><br>WILLIAM   D.   JOHNSON,   JOHN   R. SIMON, GEISHA WILLIAMS, and JASON P. WELLS,<br><br>       Defendants. | Case No. 4:19-cv-06996-HSG<br><br>**STIPULATION AND AGREEMENT OF SETTLEMENT**<br><br>Hon. Haywood S. Gilliam Jr.<br><br><u>CLASS ACTION</u> |

This Stipulation and Agreement of Settlement (the "Stipulation") dated March 9, 2021 is hereby submitted to the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure in the matter of *Christopher Vataj v. William D. Johnson, et al.*, United States District Court for the Northern District of California, Case No. 4:19-cv-06996-HSG (the "Action"). Subject to the approval of the Court, this Stipulation is entered into among Co-Lead Plaintiffs Ironworkers Local 580 Joint Funds and Ironworkers Locals 40, 361 & 417 Union Security Funds and Robert Allustiarti (together, the "Plaintiffs"), on the one hand;[1] and William D. Johnson, John R. Simon, Geisha Williams, Jason P. Wells, Sumeet Singh (together, the "Individual Defendants") and PG&E Corporation ("PG&E"), on the other hand, by and through their respective counsel.  Plaintiffs, the Individual Defendants, and PG&E are collectively referred herein as the "Parties" or sometimes the "Settling Parties."

1.    WHEREAS, on January 29, 2019, PG&E and Pacific Gas and Electric Company (the "Utility") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court") captioned *In re PG&E Corporation and Pacific Gas and Electric Company*, Case Nos. 19-30088 (DM) and 19-30089 (DM) (the "Chapter 11 Cases");

2.    WHEREAS, on October 25, 2019, plaintiff Christopher Vataj ("Vataj") filed a complaint (the "Initial Complaint") in this Court, commencing suit on behalf of himself and similarly situated stockholders of PG&E against William D. Johnson, John R. Simon, Geisha Williams, and Jason P. Wells (the "Initial Individual Defendants");

3.    WHEREAS, in the Initial Complaint, Vataj asserted that PG&E and certain of the Initial Individual Defendants violated Sections 10(b) of the Securities Exchange Act and Rule 10b-5 promulgated thereunder, by, *inter alia*, making certain public misrepresentations or omissions that were allegedly revealed to the market through certain de-energization events that occurred in or

---

[1] All capitalized words and terms that are not otherwise defined in text shall have the meaning ascribed in the section entitled "Certain Definitions."

around October 2019, and that, as controlling persons of PG&E, the Initial Individual Defendants were liable under Section 20(a) of the Securities Exchange Act for PG&E's violations of Section 10(b) and Rule 10b-5;

4.      WHEREAS, on February 3, 2020, the Court entered an order, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), appointing Plaintiffs as co-lead plaintiffs and their undersigned counsel as co-lead counsel for the putative class;

5.      WHEREAS, on April 17, 2020, Plaintiffs filed an amended complaint for Violations of the Federal Securities Laws (the "Complaint"), on behalf of themselves and similarly situated stockholders of PG&E, against PG&E and Geisha Williams, Sumeet Singh, and William D. Johnson (the "Subsequent Individual Defendants");

6.      WHEREAS, in the Complaint, Plaintiffs asserted that PG&E and the Subsequent Individual Defendants named therein violated Section 10(b) of the Securities Exchange Act and Rule 10b-5 promulgated thereunder by, *inter alia*, making certain public misrepresentations and omissions that were allegedly revealed to the market through certain de-energization events occurring in or around October 2019, and that, as controlling persons of PG&E, the Subsequent Individual Defendants were liable under Section 20(a) of the Securities Exchange Act for PG&E's violations for Section 10(b) and Rule 10b-5;

7.      WHEREAS, PG&E was not initially served with the Complaint but has since accepted service of the Complaint;

8.      WHEREAS, on May 15, 2020, the Subsequent Individual Defendants named in the Complaint filed with the Court a motion to dismiss, seeking an order dismissing all claims asserted against them in the Action, which has since been fully briefed and has been taken under submission by the Court;

9.      WHEREAS, both before and after the filing of the Subsequent Individual Defendants' motion to dismiss, the Parties, through their counsel, have engaged in arms' length negotiations of the Action before an experienced mediator and former United Stated District Court Judge, the Hon. Layn Phillips (Ret.) ("Judge Phillips");

10.     WHEREAS, on June 20, 2020, the Bankruptcy Court entered an order confirming the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganized dated June 19, 2020* [Docket No. 8048] (as may be amended, supplemented, or modified, the "Plan").  The Plan became effective on July 1, 2020;

11.     WHEREAS, on October 29, 2020, the Parties agreed to the principal terms of a settlement (the "Settlement"), without any admission of liability by PG&E or any of the Individual Defendants, of any and all claims that were asserted or that could have been asserted in the Initial Complaint, the Complaint, or the Action;

12.     WHEREAS, on December 10, 2020, the Parties executed a memorandum of understanding ("MOU") memorializing the key terms of the Settlement.  The MOU further contemplated that PG&E and Plaintiffs would enter into a confidential side agreement providing PG&E the right to terminate the Settlement if opt-outs from the Settlement Class exceed a threshold to be negotiated by the Parties or, if the parties are unable to agree on the threshold, to be determined by the designated mediator, Judge Phillips;

13.     WHEREAS, the Settlement set forth in this Stipulation is the product of substantial, protracted arm's-length negotiations, including significant mediation efforts conducted by Judge Phillips;

14.     WHEREAS, in recognition of the inherent risks and costs of continued litigation and the benefits of resolving this litigation, the Parties desire to settle and resolve any and all actual or potential claims by or between Plaintiffs, on the one hand, and the Released Persons, on the other hand, arising out of or relating to the subject matter of the Action;

15.     WHEREAS, the Defendants deny any wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws. The Released Persons deny each and every one of the claims alleged by Plaintiff in the Action on behalf of the Settlement Class, including all claims in the Complaint.  For example, the Defendants deny the allegations that they knowingly, or otherwise, made any material misstatements or omissions; that any Member of the Settlement Class has suffered damages; that the prices of PG&E

common stock were artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise; and that the conduct alleged in the Complaint caused any losses allegedly experienced by, or otherwise harmed, any Member of the Settlement Class.  Nonetheless, the Defendants have concluded that continuation of the Action would be protracted, time-consuming, and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.  The Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially a complex case like the Action, and believe that it is desirable and beneficial that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.

16.    WHEREAS, Lead Counsel, on the basis of their further investigation and the opinions of retained experts, have thoroughly analyzed both the underlying events and transactions alleged in the Action and the remaining claims against the Individual Defendants and PG&E, and the potential defenses thereto.  As a result of this information and their discussions with Lead Counsel, Plaintiffs have sufficient basis to evaluate the Settlement, as described in this Stipulation, and have concluded that the Settlement is fair, reasonable and adequate;

17.    WHEREAS, the Parties wish to settle and compromise any dispute regarding the Action or its subject matter, including but not limited to whether the Action was filed by Plaintiffs and defended by the Individual Defendants in good faith and with adequate basis in fact under Rule 11 of the Federal Rules of Civil Procedure, and the Parties agree that the Action is being voluntarily settled after work with mediators and on advice of counsel, and that the terms of the Settlement are fair, adequate, and reasonable;

18.    WHEREAS, Lead Counsel have concluded that the terms and conditions of the Settlement set forth herein are fair, reasonable, and adequate to Plaintiffs and the Settlement Class, and in their best interests, after considering: (i) the substantial benefits that the Settlement Class will receive from the Settlement; (ii) the attendant costs and risks of litigation; and (iii) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation;

NOW, WHEREFORE, without any admission or concession on the part of the Plaintiffs of

any lack of merit in the claims asserted in the Action whatsoever, and without any admission or concession on the part of the Individual Defendants and/or PG&E of any liability, wrongdoing, fault, or lack of merit in the defenses asserted in the Action whatsoever, the Parties hereby STIPULATE AND AGREE, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, to the following terms and conditions:

**A.    CERTAIN DEFINITIONS**

As used in this Stipulation, the following terms have the meanings specified below:

19.    "Attorneys' Fees and Expenses" means any portion of the Gross Settlement Fund approved by the Court for payment to Lead Counsel, including attorneys' fees, costs, litigation expenses, and fees and expenses of experts (excluding Notice and Administration Expenses).

20.    "Authorized Claimant(s)" means any Claimant whose claim for recovery has been allowed pursuant to the terms of this Stipulation or by order of the Court.

21.    "Award to Plaintiffs" means any portion of the Gross Settlement Fund approved by the Court for payment to Plaintiffs as reimbursement for their service to the Settlement Class in the Action, and for reasonable costs and expenses directly relating to the representation of the Settlement Class pursuant to 15 U.S.C. § 78u-4(a)(4).

22.    "Claimant(s)" means any Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as set forth in this Stipulation, or as the Court shall prescribe.

23.    "Claims Administrator" means the accounting and claims administration firm, A.B. Data, Ltd., which Lead Counsel request the Court to appoint to administer the Settlement and disseminate notice to the Settlement Class.

24.    "Class Period" means the time period between December 13, 2018, and October 28, 2019, both dates inclusive.

25.    "Court" means the United States District Court for the Northern District of California.

26.    "Defendants" means, collectively, PG&E and the Individual Defendants.

27.     "Defense Counsel" means the law firms of McDermott Will & Emery LLP and Latham & Watkins LLP, counsel for the Individual Defendants and PG&E, respectively.

28.     "Distribution Order" means the order entered by the Court, upon application of Lead Counsel and on notice to Defense Counsel, following the occurrence of the events identified in paragraph D.11 below, which authorizes the Claims Administrator to distribute the Net Settlement Fund to the Settlement Class.

29.     "Effective Date" means the date on which all of the conditions set forth below in paragraph K.1 shall have been satisfied.

30.     "Escrow Agent" means Huntington Bank.

31.     "Final" shall mean, with respect to the Court's Order and Judgment, the occurrence of either of the following (whichever is earlier):  (i) if an appeal or review is not sought by any Person from the Order and Judgment, the day following the expiration of the time to appeal or petition from the Order and Judgment; or (ii) if an appeal or review is sought from the Order and Judgment, the day after such Order and Judgment is affirmed or the appeal or review is dismissed or denied and such Order and Judgment is no longer subject to further judicial review, including upon appeal or review by writ of certiorari.

32.     "Gross Settlement Fund" means the Settlement Amount plus all interest earned thereon.

33.      "Lead Counsel" means the law firms of Pomerantz LLP and The Rosen Law Firm, P.A., co-lead counsel for Plaintiffs and the Settlement Class.

34.     "Net Settlement Fund" means the Gross Settlement Fund, less: (i) taxes on the income thereof and any Tax Expenses; (ii) the Notice and Administration Expenses as authorized by this Stipulation; (iii) Attorneys' Fees and Expenses; (iv) any Award to Plaintiffs; and (v) other fees and expenses authorized by the Court.

35.     "Notice and Administration Escrow Account" means the account to be established from the Gross Settlement Fund and maintained by Lead Counsel.  The Notice and Administration Escrow Account may be drawn upon by Lead Counsel for Notice and Administration Expenses

without further order of the Court.  Prior to the Effective Date, no more than $250,000.00 (Two Hundred Fifty Thousand Dollars and Zero Cents) may be paid for Notice and Administration Expenses without further order of the Court.

36.     "Notice and Administration Expenses" means all expenses incurred (whether or not paid) in connection with the preparation, printing, mailing, and publication of the notice to the Settlement Class of the proposed Settlement, all expenses associated with the Notice and Administration Escrow Account, Settlement Escrow Account, and Escrow Agent, and all other expenses of Settlement administration; provided, however, that none of these expenses shall be deemed to include Attorneys' Fees and Expenses through the Effective Date.  All such Notice and Administration Expenses shall be paid from the Gross Settlement Fund.

37.     "Order and Judgment" means the order and judgment entered by the Court, substantially in the form attached hereto as Exhibit B.

38.     "Person(s)" means any individual, corporation, partnership, limited liability company or partnership, limited partnership, professional corporation, association, joint stock company, trust, estate, unincorporated association, government, or any political subdivision or agency thereof, any other type of legal or political entity, any representative, and, as applicable, their respective spouses, heirs, predecessors, successors-in-interest, representatives, and assigns.

39.     "Plan of Allocation" means the plan for allocating the Net Settlement Fund (as set forth in the Notice of Pendency and Proposed Settlement of Class Action (the "Internet Notice"), attached as Exhibit A-1 to the Order of Preliminary Approval of Settlement) to Authorized Claimants after payment of Notice and Administration Expenses, Taxes and Tax Expenses, and Attorneys' Fees and Expenses.  Any Plan of Allocation is not part of this Stipulation and the Released Persons shall have no liability with respect thereto.

40.     "Preliminary Approval Order" means an order by the Court, substantially in the form annexed hereto as Exhibit A, providing for, among other things, preliminary approval of the Settlement and notice to the Settlement Class of the Settlement Hearing.

41.     "Proof(s) of Claim" means a proof of claim, substantially in the form set forth in Exhibit A-3 to the Preliminary Approval Order.

42.     "Released Claims" means any and all claims, including Unknown Claims, damages, actions, obligations, attorneys' fees, indemnities, subrogations, duties, demands, controversies, and liabilities of every nature, at law or in equity (including, without limitation, claims under federal and state securities laws, and at common law), suspected or unsuspected, accrued or unaccrued, matured or unmatured, whether arising out of or relating to the period prior to or after the date of the Initial Complaint, that have been, could have been, or in the future might be asserted in any court, tribunal, or proceeding, by any Releasing Persons in their capacity as a shareholder of PG&E, arising out of or relating to, or in connection with both: (a) the facts, circumstances, allegations, misrepresentations, and/or omissions that were or could have been alleged in the Initial Complaint, the Complaint, or the Action; and (b) the purchase, acquisition, sale, disposition or holding of PG&E common stock during the Class Period.

43.     "Released Defendants' Claims" means all claims, demands, rights, remedies, liabilities, and causes of action of every nature and description whatsoever, whether based on federal, state, local, statutory, or common law, or any other law, rule, or regulation, including both known and Unknown Claims, that: (i) have been or could have been asserted in the Action by any of the Released Persons or the successors and assigns of any of them, against any of the Plaintiffs or any of their attorneys; and (ii) arise out of or relate in any way to the institution, prosecution, or Settlement of the Action or the Released Claims, including but not limited to all claims for malicious prosecution or sanctions.  "Released Defendants' Claims" does not include claims to enforce any of the terms of this Stipulation.

44.     "Released Person(s)" means the Individual Defendants, PG&E, and the Utility, as well as each of their respective families, parent entities, controlling persons, associates, affiliates, predecessors, successors, subsidiaries, past or present officers, directors, shareholders, stockholders, members, principals, managers, representatives, employees, attorneys, insurers, financial or investment advisors, consultants, accountants, investment bankers, heirs, assigns or transferees.

45.    "Releasing Persons" means, collectively and individually, Plaintiffs and the Settlement Class, as well as each of their respective successors in interest, predecessors, representatives, executors, administrators, heirs, assigns or transferees, whether immediate or remote, and any person or entity acting for or on behalf of, or claiming under, any of them.

46.     "Settlement Amount" means a sum in the amount of $10,000,000.00 (Ten Million Dollars and Zero Cents).

47.    "Settlement Class" means the Settlement Class for which Plaintiffs will seek certification by the Court for the purpose of the Settlement only, consisting of:

> All persons and entities who purchased the common stock of PG&E on the New York Stock Exchange between December 13, 2018, and October 28, 2019, both dates inclusive.

Excluded from the Settlement Class are Defendants, the officers and directors of PG&E or the Utility, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

48.    "Settlement Class Member(s)" means a member of the Settlement Class.

49.    "Settlement Escrow Account" means the interest-bearing account selected by the Escrow Agent for depositing the Settlement Amount less Notice and Administration Expenses.  The Settlement Escrow Account shall be managed by the Escrow Agent for the benefit of the Plaintiffs and the Settlement Class until the Effective Date.

50.    "Settlement Hearing" means the final hearing to be held by the Court to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether all Released Claims should be dismissed with prejudice; (iii) whether the Order and Judgment should be entered thereon; (iv) whether the allocation of the Gross Settlement Fund should be approved; and (v) whether the application for any award of Attorneys' Fees and Expenses and any Award to Plaintiffs should be approved.

51.    "Taxes and Tax Expenses" means: (i) taxes (including any interest or penalties) arising with respect to the income earned by the Gross Settlement Fund, including any taxes or tax detriments that may be imposed with respect to any income earned by the Gross Settlement Fund for

any period during which the Gross Settlement Fund does not qualify as a qualified settlement fund for Federal or state income tax purposes; and (ii) expenses and costs incurred in connection with the operation and implementation of paragraph E.3 (including, without limitation, expenses of tax attorneys and/or accountants, and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in paragraph E.3).

52.     "Unknown Claims" means: (i) any claims that Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, which if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, the decision not to object to the Settlement, provided such claim arises out of or relates to the purchase or sale of PG&E Securities; and (ii) Defendants' claims that Defendant does not know or expect to exist in his, her, or its favor, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that upon the Effective Date, the Parties shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived and by operation of the Order and Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Order and Judgment to have acknowledged, that the inclusion of "Unknown Claims" in the definitions of Released Claims and Released Defendants' Claims was separately bargained for and a key element of the Settlement of which this release is a part.

**B.     THE SETTLEMENT CONSIDERATION**

1.      Subject to the terms of this Stipulation, PG&E shall pay on behalf of Defendants (and their successors) the Settlement Amount of $10,000,000.00 (Ten Million Dollars and Zero Cents) into an interest-bearing escrow account at the Escrow Agent no later than fourteen (14) business days after: (1) an order from the Court granting preliminary approval of the Settlement; and (2) receipt by PG&E of complete payment instructions, including a form W-9 and other information that may be required by PG&E.

2.      The Gross Settlement Fund, net of any Taxes on the income thereof and any Tax Expenses, shall be used to pay: (i) the Notice and Administration Expenses as authorized by this Stipulation; (ii) Attorneys' Fees and Expenses; (iii) any Award to Plaintiffs; and (iv) other fees and expenses authorized by the Court.  The balance of the Gross Settlement Fund remaining after the above payments shall be the Net Settlement Fund, which shall be distributed to the Authorized Claimants in accordance with this Stipulation.  Defendants and Released Persons shall have no responsibility, duty, or liability with respect to the allocation of the Gross Settlement Fund between and among Plaintiffs, Lead Counsel, any Settlement Class Members, or any other Persons.

3.      Any sums required to be held in escrow hereunder shall be held by the Escrow Agent for the benefit of the Plaintiffs and other Settlement Class Members until the Effective Date.  Until the date the Order and Judgment is entered, the Settlement Escrow Account and the Notice and Administration Escrow Account shall be jointly supervised by Lead Counsel and Defense Counsel. Upon the Court's entry of the Order and Judgment, Defense Counsel shall relinquish all rights to supervision of the Settlement Escrow Account and the Notice and Administration Escrow Account. All funds held by the Escrow Agent shall be deemed to be *in custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to this Stipulation and/or further order of the Court.  Other than amounts disbursed for providing notice to the Settlement Class, customary administration costs, Taxes and Tax Expenses, Attorneys' Fees and Expenses, and any Award to Plaintiffs, the remainder of the Gross Settlement Fund shall not be distributed until the Effective Date.   The Escrow Agent shall not disburse the Gross Settlement Fund, or any portion thereof, except as provided in this Stipulation, or upon Order of the

Court.  The Escrow Agent shall bear all risks related to the holding of the Gross Settlement Fund in the Settlement Escrow Account and the Notice and Administration Escrow Account.

4.      The Escrow Agent shall invest all funds exclusively in accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government.  The Escrow Agent shall reinvest the proceeds of these accounts as they mature in similar instruments at their then-current market rates.  Interest earned on the money deposited into the Settlement Escrow Account and the Notice and Administration Escrow Account shall be part of the Gross Settlement Fund.

5.      The Notice and Administration Expenses shall be paid from the Gross Settlement Fund, and the cost of providing such notice to the Settlement Class Members will be satisfied from the Settlement Amount, and neither the Individual Defendants nor PG&E will be liable for any costs associated with the provision of such notice, other than through delivery of the Settlement Amount. Any monies from the Notice and Administration Escrow Account that remain after administration shall be disbursed to the Settlement Escrow Account.  The Notice and Administration Escrow Account may be drawn upon by Lead Counsel for Notice and Administration Expenses without further Court approval.  The Notice and Administration Escrow Account shall be administered solely by the Escrow Agent.  Any taxes or other expenses incurred in connection with the Notice and Administration Escrow Account shall be paid from the Notice and Administration Escrow Account or from the remainder of the Gross Settlement Fund.  The Released Persons will have no obligation for payment of taxes or other expenses associated with the Notice and Administration Escrow Account.  In no event shall Settlement Class Members, Plaintiffs or Lead Counsel be responsible to pay any amount for Notice and Administration Expenses.

6.      Lead Counsel and Defense Counsel shall have access to all records of the Settlement Escrow Account and the Notice and Administration Escrow Account, and upon request made to the

Escrow Agent, shall receive copies of all records of disbursements, deposits, and statements of accounts.

7.      After the Effective Date, the Released Persons shall have no interest in the Gross Settlement Fund or in the Net Settlement Fund, nor will they have any rights to reversion.  The Released Persons shall not be liable for the loss of any portion of the Gross Settlement Fund, nor have any liability, obligation, or responsibility for the payment of claims, taxes, legal fees, or any other expenses payable from the Gross Settlement Fund.

## C.      SCOPE AND EFFECT OF SETTLEMENT AND RELEASES

1.      The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action and any and all Released Claims as against all Released Persons, and of any and all Released Defendants' Claims as against the Plaintiffs, Settlement Class Members, and their attorneys.

2.      Pursuant to the Order and Judgment, except with respect to claims to enforce any of the terms of this Stipulation, upon the Effective Date, Plaintiffs and each of the Settlement Class Members on behalf of themselves, their current, former and future heirs, executors, administrators, successors, attorneys, insurers, agents, representatives, and assigns, and any Person they represent, shall, with respect to each and every Released Claim, release, waive and forever relinquish and discharge, and shall forever be enjoined from prosecuting, all Released Claims and any and all claims arising out of, relating to, or in connection with the Settlement, or the resolution of the Action against the Released Persons, whether or not such Settlement Class Member executes and delivers the Proof of Claim.  Further, all Settlement Class Members on behalf of themselves, their current, former and future heirs, executors, administrators, successors, attorneys, insurers, agents, representatives, and assigns, expressly covenant not to assert any Released Claim against any of the Released Persons.  The Released Persons' liability to Plaintiffs and to the Settlement Class thus expressly is extinguished under the Settlement.

3.      Notice provided shall inform all Settlement Class Members that their claims against Defendants are wholly released and extinguished as provided in this Section C regardless of whether

they submit a Proof of Claim.  A Proof of Claim substantially in the form and content contained in Exhibit A-3 to the Preliminary Approval Order attached hereto as Exhibit A will be made available to Settlement Class Members.

4.      Pursuant to the Order and Judgment, upon the Effective Date, Defendants shall release and forever discharge each and every one of the Released Defendants' Claims, and shall forever be enjoined from prosecuting the Released Defendants' Claims as against the Plaintiffs, Settlement Class Members, or their attorneys, including but not limited to claims for malicious prosecution or sanctions.

**D.      ADMINISTRATION AND CALCULATION OF CLAIMS, FINAL AWARDS, AND DISTRIBUTION OF NET SETTLEMENT FUND**

1.      The Claims Administrator shall administer and calculate the claims that shall be allowed and oversee distribution of the Net Settlement Fund, under the supervision of Lead Counsel, and subject to appeal to, and jurisdiction of, the Court.  The Released Persons shall have no liability, obligation, or responsibility for the administration of the Gross Settlement Fund or Net Settlement Fund, or for the distribution of the Net Settlement Fund, including with respect to: (i) any act, omission, or determination by Lead Counsel, the Escrow Agent, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management or investment of the Gross Settlement Fund or the Net Settlement Fund, or the distribution of the Net Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Gross Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Gross Settlement Fund, or (vi) the payment or withholding of any taxes, expenses, and/or costs incurred with the taxation of the Gross Settlement Fund or the filing of any federal, state, or local returns.

2.      Except as otherwise provided below, on and after the Effective Date, the Gross Settlement Fund shall be applied as follows:

a.      To the extent not paid from the Notice and Administration Escrow Account, to pay following an order of the Court approving any such payment, the expenses incurred in connection with providing notice to Settlement Class Members, administering and distributing the

Net Settlement Fund to Settlement Class Members, processing Proofs of Claim, processing requests for exclusion, escrow fees and costs, and any applicable taxes;

b.      Subject to the approval and further order(s) of the Court, the Net Settlement Fund shall be allocated to Authorized Claimants as set forth in Section F below.

c.      After the Claims Administrator calculates the recognized losses of each Authorized Claimant, Lead Counsel shall file the Distribution Order listing each Authorized Claimant, the amount of each claim that Lead Counsel believes should be allocated and distributed to each such Authorized Claimant, accounting for all Notice and Administration Expenses, and requesting Court approval to distribute the Net Settlement Fund to the Authorized Claimants and pay any further Notice and Administration Expenses.

3.      Each Settlement Class Member wishing to participate in the Settlement shall be required to submit a Proof of Claim (in substantially the form set forth in Exhibit A-3 to the Preliminary Approval Order, which *inter alia* confirms the release of all Released Claims against all Released Persons) to the Claims Administrator, signed under penalty of perjury by the beneficial owner(s) of the PG&E common stock that is the subject of the Proof of Claim, or by someone with documented authority to sign for the beneficial owners and supported by such documents as specified in the instructions accompanying the Proof of Claim.

4.      All Proofs of Claim must be postmarked or received within the time prescribed in the Preliminary Approval Order unless otherwise ordered by the Court.  Any Settlement Class Member who fails to submit a properly completed Proof of Claim within such period as shall be authorized by the Court shall be forever barred from receiving any payments pursuant to this Stipulation or from the Net Settlement Fund (unless Lead Counsel in its discretion deems such late filing to be a formal or technical defect and waives the late filing in the interest of achieving substantial justice, or unless by order of the Court a later submitted Proof of Claim by such Settlement Class Member is approved), but will in all other respects be subject to the provisions of this Stipulation and the Order and Judgment, including, without limitation, the release of the Released Claims and dismissal of the Action.  Provided that it is received before the motion for the Distribution Order is filed, a Proof of

Claim shall be deemed to have been submitted when posted if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

5.     Each Proof of Claim shall be submitted to the Claims Administrator who shall determine, in accordance with this Stipulation and any applicable orders of the Court, the extent, if any, to which each claim shall be allowed, subject to appeal to the Court.

6.     Proofs of Claim that do not meet the filing requirements may be rejected.  Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the Claimant in order to remedy curable deficiencies in the Proof of Claim submitted.  The Claims Administrator shall notify in a timely fashion and in writing, all Claimants whose Proofs of Claim they propose to reject in whole or in part, setting forth the reasons thereof, and shall indicate in such notice that the Claimant whose claims are to be rejected has the right to review by the Court if the Claimant so desires and complies with the requirement of paragraph D.7 below.

7.     If any Claimant whose claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within ten (10) days after the date of mailing of the notice required by paragraph D.6 above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

8.     The administrative determination of the Claims Administrator accepting and rejecting claims shall be presented to the Court, on notice to all Parties, for approval by the Court in the Distribution Order.

9.     Payment pursuant to this Stipulation shall be deemed final and conclusive against all Settlement Class Members.  All Settlement Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but are otherwise bound by all of the terms of the Order and Judgment and the releases provided for in this

Stipulation, and will be barred from bringing any action against the Released Persons arising out of or relating to the Released Claims.

10.     All proceedings with respect to the administration, processing, and determination of claims described in this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

11.     The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator upon application to the Court by Lead Counsel for a Distribution Order only after all of the following have occurred: (i) the Effective Date; (ii) all claims have been processed, and all Claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (iii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; (iv) all matters with respect to Attorneys' Fees and Expenses, Award to Plaintiffs, costs, and disbursements have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; and (v) all costs of administration have been paid.

12.     If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be re-distributed, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution, to Settlement Class Members who have cashed their checks and who would receive at least $20.00 (Twenty Dollars) from such re-distribution.  If any funds shall remain in the Net Settlement Fund six months after such re-distribution, then such balance shall be contributed to the University of San Francisco School of Law's Investor Justice Clinic.

13.     Before the Effective Date, Lead Counsel shall file with the Court a declaration under penalty of perjury describing how notice of the Settlement was given to the Settlement Class.

**E.     TAX TREATMENT**

1.     Plaintiffs and Defendants agree to treat the Gross Settlement Fund as being at all times a qualified settlement fund within the meaning of Treasury Regulation § 1.468B-1 and Section 468B of the Internal Revenue Code, as amended, for the taxable years of the Gross Settlement Fund, beginning with the date it is created.  In addition, the Escrow Agent and, as required, Plaintiffs and Defendants, shall jointly and timely make such elections as are necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Claims Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

2.     For purposes of Section 468B of the Internal Revenue Code, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Claims Administrator.  The Claims Administrator shall timely and properly file all tax returns necessary or advisable with respect to the Gross Settlement Fund, and make all required tax payments, including deposits of estimated tax payments in accordance with Treas. Reg. § 1.468B-2(k).  Such returns (as well as the election described in paragraph E.1 hereof) shall be consistent with this paragraph and reflect that all taxes (including any interest or penalties) on the income earned by the Gross Settlement Fund shall be paid out of the Gross Settlement Fund as provided in paragraph E.3 hereof.

3.     All Taxes and Tax Expenses shall be paid out of the Gross Settlement Fund.  In all events, the Released Persons shall have no liability for the Taxes and Tax Expenses.  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Gross Settlement Fund without prior order from the Court.  The Escrow Agent shall be obligated (notwithstanding anything in this Stipulation to the contrary) to withhold from distribution to the Settlement Class Members any funds necessary

to pay such Taxes and Tax Expenses, including the establishment of adequate reserves for any Taxes and Tax Expenses.  Plaintiffs and Defendants agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

4.      The Released Persons shall have no liability for or obligations with regard to Taxes and Tax Expenses.  The Gross Settlement Fund shall indemnify and hold each of the Released Persons harmless for any Taxes and Tax Expenses (including, without limitation, taxes payable by reason of such indemnification).

5.      Plaintiffs, the Settlement Class Members, and Lead Counsel shall have no liability for or obligations with regard to Taxes and Tax Expenses.  The Gross Settlement Fund shall indemnify and hold each of Plaintiffs, the Settlement Class Members, and Lead Counsel harmless for any Taxes and Tax Expenses (including, without limitation, taxes payable by reason of such indemnification).

**F.      ALLOCATION OF NET SETTLEMENT FUND**

1.      The Plan of Allocation is based upon Lead Counsel's assessment of the merits and the relative strengths and weaknesses, including recoverable damages, of the claims of the Settlement Class Members, together with input by consulting experts that analyzed the trading data for PG&E common stock.

2.      The Released Persons do not take any position as to the proposed Plan of Allocation and shall have no responsibility for or obligations or liabilities of any kind whatsoever in connection with the proposed or finalized Plan of Allocation.

3.      The Released Persons shall have no responsibility for and no obligations or liabilities of any kind whatsoever in connection with the determination, administration, calculation, or payment of claims to Settlement Class Members.

4.      The Released Persons shall have no involvement in the solicitation or review of Proofs of Claim, and shall have no involvement in the administration process itself, which shall be conducted by the Claims Administrator in accordance with this Stipulation and the Order and

Judgment.  No Claimant or Authorized Claimant shall have any claim against the Released Persons or their counsel based on, or in any way relating to, the distributions from either the Gross Settlement Fund or the Net Settlement Fund.

5.      No Authorized Claimant shall have any claim against Lead Counsel, any consulting experts, or the Claims Administrator based on, or in any way relating to, the distributions from the Net Settlement Fund that have been made substantially in accordance with this Stipulation and any applicable orders of the Court.

6.      Any change in the allocation of the Net Settlement Fund ordered by the Court shall not affect the validity, finality or enforceability of the Settlement.

**G.      OBLIGATIONS OF AND LIMITATIONS OF LIABILITY OF ESCROW AGENT**

1.      The Escrow Agent's obligations shall be limited to maintaining account of and properly paying sums as required by this Stipulation to the limited extent that such sums have been delivered into the Settlement Escrow Account or the Notice and Administration Escrow Account as required by this Stipulation.  The Escrow Agent shall be liable only for acts of fraud, gross negligence, willful misconduct or material violations of the obligations in this Stipulation.

**H.      LEAD COUNSEL'S REQUEST FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES**

1.      Lead Counsel intends to submit an application to the Court on behalf of Lead Counsel for (i) an award of attorneys' fees; (ii) an award of litigation costs and expenses, plus interest, incurred in connection with the prosecution of the Action; and (iii) an Award to Plaintiffs.

2.      Any Attorneys' Fees and Expenses awarded by the Court shall be paid from the Gross Settlement Fund within three (3) business days after the Court grants approval of the Attorneys' Fees and Expenses.  Lead Counsel shall thereafter be solely responsible for allocating the Attorneys' Fees and Expenses among themselves and other Plaintiffs' Counsel in a manner in which Lead Counsel in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Action.

3.      If as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the Attorneys' Fees and Expenses award is overturned or lowered, or if the

Settlement is terminated or is not approved by the Court, or if there is an appeal and any order approving the Settlement does not become final and binding upon the Settlement Class, then, Lead Counsel shall be obligated to make appropriate refund or repayment within thirty (30) days after the Court or any appellate courts enters an order reversing or reducing any award of Attorneys' Fees or Expenses.

4.      Defendants and their insurance carriers shall have no responsibility or liability for the allocation of any Attorneys' Fees or Expenses among any counsel or to any other person or any obligation of Lead Counsel to make appropriate refunds or repayments to the Settlement Fund or interest earned thereon.  Except as contemplated by this Section, this Stipulation will provide that the Parties will otherwise bear their own costs and expenses.

5.      The Settlement is not conditioned upon any award of Attorneys' Fees or Expenses, and any objection to or appeal from such an award shall not affect the finality of the Settlement or the Order and Judgment of dismissal.

## I.      THE PRELIMINARY APPROVAL ORDER

1.      Promptly after execution of this Stipulation, the Parties shall submit this Stipulation together with its exhibits to the Court and shall jointly apply for entry of a Preliminary Approval Order substantially in the form annexed hereto as Exhibit A, providing for, among other things, preliminary approval of the Settlement and notice to the Settlement Class of the Settlement Hearing. The Preliminary Approval Order (Exhibit A hereto) to be submitted to the Court shall contain exhibits substantially in the form set forth in: (i) the Notice (Exhibit A-1 to the Preliminary Approval Order); (ii) the Summary Notice of Pendency and Proposed Settlement of Class Action ("Summary Notice") (Exhibit A-2 to the Preliminary Approval Order); (iii) the Proof of Claim (Exhibit A-3 to the Preliminary Approval Order); and (iv) the Postcard Notice (Exhibit A-4 to the Preliminary Approval Order).

2.      The Released Persons are not liable or responsible for the method of, or representations made in, the Internet Notice, the Summary Notice, or the Postcard Notice.

**J.     ORDER AND JUDGMENT TO BE ENTERED BY THE COURT APPROVING THE SETTLEMENT**

1.     The Parties shall seek to have the Court enter an Order and Judgment substantially in the form of Exhibit B hereto.

2.     The Order and Judgment will provide that (i) nothing in the Order and Judgment will bar the Released Persons from pursuing claims that are outside the scope or independent of the Released Claims, including but not limited to any claim that any Released Person may have for indemnification in connection with the Action, or for advancement of fees and expenses, indemnification, or contribution in connection with any other claim, demand, controversy, action, or liability; and (ii) nothing in the Order and Judgment will bar or constitute a release of any claim by any of the Released Persons for any insurance coverage, including, without limitation, insurance coverage arising out of, related to, or in connection with the Action or the Released Claims.

**K.     CONDITIONS OF SETTLEMENT**

1.     The Effective Date shall be the date on which all of the following conditions have been satisfied:

a.     The Court has entered the Preliminary Approval Order (Exhibit A hereto) in all material respects, or such other preliminary approval order that the Parties agree is consistent with the Settlement;

b.     No party has exercised, within the required time period, any right to terminate the Settlement as permitted by Section L below;

c.     The Court has entered the Order and Judgment (Exhibit B hereto) in all material respects, or such other final approval order and judgment as the Parties agree is consistent with the Settlement;

d.     The Court's Order and Judgment has become "Final," as defined in paragraph A.16; and

e.     The Settlement Amount has been paid, as set forth in paragraph B.1 above.

2.     Upon the occurrence of all of the events referenced in paragraph K.1 above, Plaintiffs shall have, and each and all of the Settlement Class Members shall hereby be deemed to have, and

by operation of the Order and Judgment shall have, fully, finally, and forever released, waived, settled, and discharged, in accordance with the terms of Section C above, the Released Persons from and with respect to the Released Claims, whether or not such members of the Settlement Class execute and deliver a Proof of Claim.

3.      Upon the occurrence of all of the events referenced in paragraph K.1 above, the obligation of the Escrow Agent to return funds from the Gross Settlement Fund to Defendants pursuant to paragraph L.4 or any other provision of this Stipulation shall be absolutely and forever extinguished.

## L.      RIGHTS OF TERMINATION AND EFFECTS THEREOF

1.      Defendants and Plaintiffs shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so to all other counsel for the Settling Parties within thirty (30) days after the date on which any of the following occurs:

a.      the Court declines to enter the Preliminary Approval Order (Exhibit A hereto) in any material respect, or an alternative preliminary approval order that all Parties agree is consistent with the terms of the Settlement;

b.      the Court issues an order declining to approve this Stipulation or any material part of it, except with respect to any decision by the Court concerning the Attorneys' Fees and Expenses and Award to Plaintiffs;

c.      the Court declines to enter the Order and Judgment (Exhibit B hereto) in any material respect, or such alternative final approval order and judgment that all Parties agree is consistent with the terms of the Settlement; or

d.      the Order and Judgment is modified or reversed in any material respect by a Court of Appeals or the United States Supreme Court.

2.      If, prior to the Settlement Hearing, Persons who otherwise would be Settlement Class Members have filed with the Court valid and timely requests for exclusion ("Requests for Exclusion") from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto, and such Persons in the aggregate purchased

PG&E common stock during the Class Period in an amount greater than the amounts specified in a separate Supplemental Agreement between the Parties (the "Supplemental Agreement"), then Defendants, in their sole discretion, shall have the option to terminate this Stipulation and the Settlement in strict accordance with the requirements and procedures set forth in the Supplemental Agreement ("Opt-out Termination Option"). The Supplemental Agreement shall not be filed with the Court unless and until a dispute among the Settling Parties concerning its interpretation or application arises, but may be examined in camera if so requested or ordered by the Court. Copies of all Requests for Exclusion received, together with copies of all written revocations of Requests for Exclusion, shall be delivered to Defense Counsel no later than fourteen (14) days prior to the Settlement Hearing. The required procedure for and consequences of exercising an Opt-out Termination Option are as follows:

a. To exercise the Opt-out Termination Option, Defendants must serve written notice, signed by their counsel, upon counsel for the other Settling Parties, not less than seven (7) days before the Settlement Hearing;

b. If Defendants exercise the Opt-out Termination Option, then this Stipulation shall be null and void, and the provisions of Section L hereof shall apply.

3. If Defendants (or their successors) do not pay or cause to be paid the Settlement Amount within the time period specified in paragraph B.1 of this Stipulation, then Lead Counsel, in their sole discretion, may elect, at any time prior to the Court entering the Order and Judgment: (i) to terminate this Stipulation and the Settlement by providing written notice to counsel for the Settling Parties; or (ii) to enforce the terms of the Settlement and this Stipulation and seek a judgment effecting the terms in this Stipulation.

4. Upon any termination of this Stipulation and the Settlement, pursuant to the terms hereof, the Escrow Agent shall refund the Gross Settlement Fund, less amounts already incurred for notice to the Settlement Class pursuant to the terms of this Stipulation, to Defendants within ten (10) business days thereafter (the "Returned Settlement Amount"). Under no circumstances shall Lead

Counsel be liable for any monies dispersed from the Notice and Administration Escrow Account, or any other Notice and Administration Expenses.

5.      If this Stipulation and the Settlement are terminated pursuant to the terms set forth herein, and at the request of Defendants or Plaintiffs, then the Escrow Agent or the Escrow Agent's designee shall apply for any tax refund owed to the Gross Settlement Fund and pay the percentage of the proceeds of the tax refund, after deduction of any fees and expenses incurred in connection with such application(s) for refund, to Defendant.

6.      If this Stipulation and the Settlement are terminated pursuant to the terms set forth herein, all of the Parties shall be deemed to have reverted *nunc pro tunc* to their respective status prior to the execution of this Stipulation and the Parties shall proceed in all respects as if this Stipulation had not been executed and the related orders had not been entered, without prejudice in any way from the negotiation, fact, or terms of the Settlement, and preserving all of their respective claims and defenses in the Action, and shall revert to their respective positions in the Action, except that the provisions of paragraphs A., E., G., H.2, L.4-6, M.10-18, and M.21 shall survive termination.

7.      No order of the Court or modification or reversal of any order of the Court concerning the Plan of Allocation, the Attorneys' Fees or Expenses , or any Award to Plaintiffs shall constitute grounds for termination of this Stipulation or the Settlement.

8.      The rights of termination provided by Sections K.1-3 above are exclusive, and Defendants and Plaintiffs otherwise have no termination rights.

**M.      MISCELLANEOUS PROVISIONS**

1.      The Parties: (i) acknowledge that it is their intent to consummate the Settlement contemplated by this Stipulation; (ii) agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Stipulation; and (iii) agree to exercise their best efforts and to act in good faith to accomplish the foregoing terms and conditions of this Stipulation.

2.      The Parties acknowledge and warrant as follows:

a.      By executing this Stipulation, each of the Parties represents that they have carefully read and fully understand this Stipulation and its final and binding effect;

b.      By executing this Stipulation, each of the Parties represents that they have the right, legal capacity, power and authority to enter into this Stipulation and to perform their obligations hereunder, without requiring additional consent, approval, or authorization of any other Person, board, entity, tribunal, or other regulatory or governmental authority;

c.      By executing this Stipulation, each of the Parties represents that the execution and delivery of this Stipulation and the performance of each and every obligation in this Stipulation does not and will not result in a breach of or constitute a default under, or require any consent under, any duty, relationship, contract, agreement, covenant, promise, guarantee, obligation or instrument to which the executing Settling Party is a party or by which the executing Settling Party is bound or affected;

d.      By executing this Stipulation, each of the Parties represents that there is no demand for monetary, non-monetary, or injunctive relief, or any civil, criminal, administrative, or arbitration proceeding for monetary, nonmonetary, or injunctive relief known or suspected to exist against them that would affect this Stipulation or their ability to enter into, execute or perform each and every obligation in this Stipulation;

e.      By executing this Stipulation, each of the Parties represents that no representations, warranties, inducements or promises of any kind or character have been made by any other Party, Released Person, or anyone else to induce the execution of this Stipulation except as expressly provided in this Stipulation, and that this Stipulation constitutes the entire agreement between the Settling Parties;

f.      By executing this Stipulation, each of the Parties represents that this Stipulation is fair and is executed voluntarily, with full knowledge of the consequences and implications of the obligations contained in this Stipulation;

g.      By executing this Stipulation, each of the Parties represents that this Stipulation is not the result of any fraud, duress, or undue influence, and that they have not assigned,

transferred, or conveyed, or purported to assign, transfer, or convey, voluntarily, involuntarily, or by operation of law, any or all of their respective rights and claims or any security interest with respect to any of their respective rights and claims;

   h. By executing this Stipulation, each of the Parties represents that they have had the opportunity to be represented by counsel of their choice throughout the negotiations which preceded the execution of this Stipulation and in connection with the preparation and execution of this Stipulation; and

   i. By executing this Stipulation, each of the Parties represents that they have been afforded sufficient time and opportunity to review this Stipulation with advisors and counsel of their choice.

  3. All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth in this Stipulation.

  4. No amendment or modification of this Stipulation shall be effective unless in writing and signed by, or on behalf of, the Parties or their successors-in-interest.

  5. Whenever this Stipulation requires or contemplates that a Party shall or may give notice to the other, unless otherwise specified, notice shall be provided by email and/or next-day (excluding Saturday and Sunday) express delivery service as follows, and shall be deemed effective upon delivery to the indicated electronic or physical address, as the case may be, below:

   (i) If to the Settlement Class:

  Louis C. Ludwig
  Pomerantz LLP
  10 South LaSalle, Suite 3505
  Chicago, IL  60603
  lcludwig@pomlaw.com

  -and-

  Jonathan Horne
  The Rosen Law Firm, P.A.
  275 Madison Avenue, 40th Floor
  New York, NY 10016

   (ii) If to Defendants:

Jason D. Strabo
McDermott Will & Emery LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206

Gavin M. Masuda
Latham & Watkins LLP
505 Montgomery St., Suite 2000
San Francisco, CA  94111-6538

6.      Except as otherwise provided herein, each Party shall bear its own costs.   Any Attorneys' Fees and Expenses award shall be paid only out of the Gross Settlement Fund, and the Released Persons shall have no obligation with respect to the payment of said Attorneys' Fees and Expenses.

7.      Lead Counsel, on behalf of the Settlement Class, is authorized to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms and is also expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Settlement Class.

8.      The persons signing this Stipulation represent that they are authorized to do so on behalf of their respective clients.

9.      This Stipulation may be executed in one or more original, photocopied, PDF copies or facsimile counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A copy of the complete set of executed counterparts of this Stipulation shall be electronically filed with the Court.

10.     This Stipulation shall be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, heirs, and representatives of the Parties.  No assignment shall relieve any party hereto of any obligations hereunder.

11.     All terms of this Stipulation and all exhibits hereto shall be governed and interpreted according to the laws of the State of California without regard to its rules of conflicts of law, except to the extent that federal law requires that federal law governs, and in accordance with the laws of the United States.

12.     Plaintiffs, on behalf of themselves and each member of the Settlement Class, and Defendants hereby irrevocably submit to the jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to this Stipulation, the applicability of this Stipulation, or the enforcement of this Stipulation.  The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of Attorneys' Fees and Expenses to Lead Counsel, any Awards to Plaintiffs, and enforcing the terms of this Stipulation.

13.     Because of the arm's-length negotiations that preceded the execution of this Stipulation, all Parties have contributed substantially and materially to the preparation of this Stipulation.  This Stipulation shall not be construed against any Party on the basis that such party was the primary drafter of this Stipulation, or if so construed, this Stipulation shall be construed as if all Parties participated equally in such drafting.

14.     Neither this Stipulation, nor the fact of the Settlement, is an admission or concession by Released Persons of any liability or wrongdoing whatsoever.  This Stipulation shall not constitute a finding of the validity or invalidity of any factual allegation or any claims in the Action or of any liability or wrongdoing by any of the Released Persons.  This Stipulation, the fact of the Settlement, the Settlement proceedings, the Settlement negotiations, and any related documents, shall not be used or construed as an admission of any factual allegation, fault, liability, or wrongdoing by any person or entity, and shall in no event be offered or received in evidence as an admission, concession, presumption, or inference against any party in any action or proceeding of any nature, or otherwise referred to or used in any manner in or before any court or other tribunal, except in such proceeding as may be necessary to enforce this Stipulation.

15.     The Parties intend the Settlement to be a final and complete resolution of all claims and disputes asserted or that could be asserted by the Settlement Class Members against the Released Persons with respect to the Released Claims.  Accordingly, the Parties agree to cooperate to seek maintenance of the stay of the Action pending negotiation, execution, and final approval by the Court.  Plaintiffs agree to not initiate or pursue any proceedings against the Defendants

concerning the Released Claims, other than those necessary to obtain final approval of the Settlement and dismissal with prejudice of the underlying action.

16.     The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's length in good faith by the Parties, and reflect an agreement that was reached voluntarily after consultation with experienced legal counsel.

17.     All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive the Settlement.

18.     The headings in this Stipulation are used for purposes of convenience and ease of reference only and are not meant to have any legal effect, nor are they intended to influence the construction of this Stipulation in any way.

19.     The waiver by one Released Person of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver by any other Released Person or of any other breach of this Stipulation.  The provisions of this Stipulation may not be waived except by a writing signed by the affected Party or counsel for that Party.  No failure or delay on the part of any Party in exercising any right, remedy, power, or privilege under this Stipulation shall operate as a waiver thereof or of any other right, remedy, power, or privilege of such Party under this Stipulation; nor shall any single or partial exercise of any right, remedy, power, or privilege under this Stipulation on the part of any Party operate as a waiver thereof or of any other right, remedy, power, or privilege of such Party under this Stipulation, or preclude further exercise thereof or the exercise of any other right, remedy, power, or privilege.

20.     The Parties agree that nothing contained in this Stipulation shall cause any Party to be the agent or legal representative of another Party for any purpose whatsoever, nor shall this Stipulation be deemed to create any form of business organization between the Parties, nor is any Party granted any right or authority to assume or create any obligation or responsibility on behalf of any other Party, nor shall any Party be in any way liable for any debt of another Settling Party as a result of this Stipulation except as explicitly set forth in this Stipulation.

21.     The Parties agree that the Settlement is not contingent on any of the Parties settling with any other party in the Action or in any other litigation.

THE REMAINDER OF THIS PAGE IS LEFT INTENTIONALLY BLANK

IN WITNESS WHEREOF, the Parties, intending to be legally bound by this Stipulation, have caused this Stipulation to be executed, by their duly authorized attorneys, as of the day and year first above written.

**PG&E Corporation**

/s/James E. Brandt, /s/Michael J. Reiss, /s/ Gavin M. Masuda       March 9, 2021
By:  James E. Brandt / Michael J. Reiss / Gavin M. Masuda          Date

LATHAM & WATKINS LLP

Counsel for PG&E

**Individual Defendants**

/s/Steven S. Scholes, /s/Jason D. Strabo       March 9, 2021
By:  Steven S. Scholes / Jason D. Strabo       Date

MCDERMOTT WILL & EMERY LLP
Counsel for the Individual Defendants

**Co-Lead Plaintiffs**

/s/ Jonathan Horne       March 9, 2021
By: Jonathan Horne       Date

THE ROSEN LAW FIRM
Counsel for Co-Lead Plaintiffs


**Co-Lead Plaintiffs**

/s/Louis C. Ludwig       March 9, 2021
By: Louis C. Ludwig       Date

POMERANTZ LLP
Counsel for Co-Lead Plaintiffs