UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER VATAJ, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br><br> WILLIAM D. JOHNSON, JOHN R. SIMON, GEISHA WILLIAMS, and JASON P. WELLS, <br><br> Defendants. | Case No. 4:19-cv-06996-HSG <br><br> **[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** <br> Hon. Haywood S. Gilliam Jr. <br><br> <u>CLASS ACTION</u> |

WHEREAS, (a) Co-Lead Plaintiffs Ironworkers Local 580 Joint Funds and Ironworkers Locals 40, 361 & 417 Union Security Funds and (b) Robert Allustiarti (collectively, "Plaintiffs"); (a) William D. Johnson, (b) John R. Simon, (c) Geisha Williams, (d) Jason P. Wells, and (e) Sumeet Singh (together, the "Individual Defendants"); and PG&E Corporation (collectively, with the Individual Defendants, the "Settling Defendants")[1] have agreed to settlement of all claims asserted in this Action against the Released Persons;

WHEREAS, that Settlement was entered into through a Stipulation and Agreement of Settlement, dated March 9, 2021 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits thereto, sets forth the terms and conditions for the Settlement; and

WHEREAS, this Court having read and considered the Stipulation, the proposed "Notice of Pendency and Proposed Settlement of Class Action" ("Notice"), the proposed "Summary Notice of Pendency and Proposed Settlement of Class Action" ("Summary Notice"), the proposed Plan of Allocation for the distribution of the Net Settlement Fund among Settlement Class Members, the proposed form of the Proof of Claim and Release ("Proof of Claim"), the proposed "Postcard Notice of Pendency and Proposed Settlement of Class Action" ("Postcard Notice"), the proposed form of the Order and Judgment, Plaintiffs' Unopposed Motion and Second Renewed Motion for Preliminary Approval of Class Action Settlement, Plaintiffs' Memorandum of Points And Authorities in support thereof, and all other submissions made relating to the proposed Settlement, and finding that substantial and sufficient grounds exist for entering this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this ____ day of _____, 2021, that:

1.       Unless indicated otherwise, capitalized terms used herein have the same meanings defined in the Stipulation.

2.       A hearing (the "Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the Court on _____, 2021 at ____ _.m. for the following purposes:

        a.   to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

        b.   to finally determine whether the Order and Judgment as provided under the Stipulation should be entered, dismissing the Complaint on the merits and with

---

[1] Plaintiffs and the Settling Defendants are collectively referred to as the "Settling Parties."

prejudice, and to determine whether the release by the Settlement Class of the Released Persons as set forth in the Stipulation, should be ordered;

c.  to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

d.  to consider the application of Lead Counsel for an award of Attorneys' Fees and Expenses, and for Awards to Plaintiffs;

e.  to consider Settlement Class Members' objections to the Settlement, whether submitted previously in writing or presented orally at the Settlement Hearing by Settlement Class Members (or by counsel on their behalf); and

f.  to rule upon such other matters as the Court may deem appropriate.

3.  The Court reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Settling Parties and without further notice to the Settlement Class where to do so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 and due process of law.  The Court further reserves the right to enter its Order and Judgment approving the Settlement and dismissing the Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded Attorneys' Fees and Expenses or made an Award to Plaintiffs.

4.  The Court approves the form, substance and requirements of (a) the Notice, (b) the Summary Notice, (c) the Postcard Notice, and (d) the Proof of Claim, all of which are exhibits to the Stipulation.

5.  Lead Counsel has the authority to enter into the Stipulation on behalf of the Settlement Class and is authorized to act on behalf of the Class with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

6.  A.B. Data, Ltd. is appointed and approved as the Claims Administrator for the Settlement.

7.  Lead Counsel is authorized to establish a Notice and Administration Escrow Account (as defined in the Stipulation) of $250,000.00 (Two Hundred Fifty Thousand Dollars) in accordance with the provisions of the Stipulation, to be used for reasonable out-of-pocket costs in connection with providing notice of the Settlement to the Class, for administering the Settlement

and distributing payments therefrom, and for other reasonable out-of-pocket administrative expenses. After the Effective Date, additional amounts may be transferred from the Gross Settlement Fund to the Notice and Administration Escrow Account. All funds held in the Notice and Administration Escrow Account shall be deemed to be *in custodia legis* and shall remain subject to the jurisdiction of this Court until such time as the funds shall be distributed or returned to the Gross Settlement Fund pursuant to the Stipulation and/or further order of the Court.

8.    Lead Counsel is authorized to establish a Settlement Escrow Account (as defined in the Stipulation) for the remainder of the Gross Settlement Fund in accordance with the provisions of the Stipulation. All funds held in the Settlement Escrow Account shall be deemed to be *in custodia legis* and shall remain subject to the jurisdiction of this Court until such time as the funds shall be distributed or returned pursuant to the Stipulation and/or further order of the Court.

9.    The Claims Administrator is authorized and directed to prepare any tax returns and any other tax reporting forms for, or in respect of, the Gross Settlement Fund, to pay from the Gross Settlement Fund any Taxes and Tax Expenses owed with respect to the Gross Settlement Fund, and otherwise to perform all obligations with respect to Taxes and Tax Expenses and any reporting or filings in respect thereof without further order of this Court in a manner consistent with the provisions of the Stipulation.

10.    The Court approves the following plan of notice for this Settlement: (a) Lead Counsel, through the Claims Administrator, shall cause the Postcard Notice, substantially in the form annexed hereto, to be mailed, by first class mail, postage prepaid, within fourteen (14) calendar days of the entry of this Order, to all Settlement Class Members who can be identified with reasonable effort by the Claims Administrator, advising them of the Settlement and of the availability of documentation on the settlement website; (b) Lead Counsel, through the Claims Administrator, shall cause the publication of the Summary Notice within twenty-one (21) calendar days of the entry of this Order, via a newswire with broad, national distribution; (c) Lead Counsel, through the Claims Administrator, shall post at least the Notice, Summary Notice, Proof of Claim, Stipulation, Preliminary Approval Order, and [Proposed] Final Approval Order on at a website administered by the Claims Administrator at www.pgesecuritiessettlement.com; .

11.    Lead Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominees or custodians who held PG&E common stock securities during the

Class Period as record owners but not as beneficial owners. Such nominees or custodians shall, within ten (10) calendar days of receipt of the Postcard Notice, either: (i) request additional copies of the Postcard Notice sufficient to send the Postcard Notice to all beneficial owners for whom they are the nominee or custodian, and within ten (10) calendar days after receipt thereof send copies to such beneficial owners; or (ii) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Postcard Notice to such beneficial owners.  Nominees or custodians who elect to send the Postcard Notice to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing has been made as directed.  Additional copies of the Postcard Notice shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners.  The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, up to a maximum of $0.05 plus postage at the pre-sort rate used by the Claims Administrator per Postcard Notice actually mailed or $0.05 per name and address provided to the Claims Administrator, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

12.     The Claims Administrator shall, at or before the Settlement Hearing, serve upon the Defense Counsel, and file with the Court, proof of mailing, both to Settlement Class Members and to nominees, provided that such filing may be performed by Lead Counsel.

13.     The forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto.  No Settlement Class Member will be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

14.     In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date must take the following action and be subject to the following conditions:

a. A properly completed and executed Proof of Claim must be submitted to the Claims Administrator: (i) electronically through the Claims Administrator's website, www.pgesecuritiessettlement.com by 11:59 p.m. PST on _____, 2021; or (ii) at the Post Office Box indicated in the Notice, postmarked no later than _____, 2021 (forty-four calendar days prior to the Settlement Hearing).  Such deadline may be further extended by Order of the Court.  Each Proof of Claim and Release Form shall be deemed to have been submitted when: (i) the claim receives a confirmation notice from the Claims Administrator for electronic submissions; or (ii) legibly postmarked (if properly addressed and mailed by first class mail) provided such Proof of Claim and Release Form is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund.  Any Proof of Claim and Release Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

b. The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

c. Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected.  For

each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least ten calendar days) to cure such deficiency if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within ten calendar days after the date of mailing of the notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

d. As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Settlement Stipulation. No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of the Proof of Claim, nor shall any discovery from or of Defendants be allowed on any topic.

15. All Settlement Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Order and Judgment, if entered.

16. Settlement Class Members shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request shall mail it, so that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing or _____, 2021. Such request for exclusion shall clearly indicate the name and address and phone number (if any) of the person seeking exclusion, state that the sender specifically requests to be excluded from the Settlement Class in *Christopher Vataj v. William D. Johnson, et*

*al.*, Case No. 4:19-cv-06996-HSG, and must be signed by such person. Such persons requesting exclusion are also required to specify all their purchases and sales of PG&E common stock during the Class Period, including the date, number of shares and price of the shares purchased or sold. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Lead Counsel may contact any person or entity filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

17. Settlement Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund.

18. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the application for Attorneys' Fees and Expenses and any Award to Plaintiffs only if such comments or objections and any supporting papers are filed at least twenty (21) calendar days prior to the Settlement Hearing with the Clerk of the Court, U.S. District Court, Northern District of California, 1301 Clay Street, Suite 400 S, Oakland, CA 94612. Attendance at the Settlement Hearing is not necessary.

19. Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Judgment to be entered approving the Settlement, the Plan of Allocation, or the application for an award of Attorneys' Fees and Expenses and Award to Plaintiffs.

20. The Court reserves the right to adjourn the Settlement Hearing or any adjournment thereof without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settlement Class.

21. All papers in support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or Award to Plaintiffs shall be filed and served thirty-five (35) calendar days before the Settlement Hearing.

22. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or Award

to Plaintiffs shall be filed no later than fourteen (14) calendar days prior to the Settlement Hearing.

23.    Until and unless otherwise ordered by the Court, all proceedings in the Action against all Released Persons are hereby stayed, except for proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, Plaintiffs, all Settlement Class Members, and each of them, and anyone acting or purporting to act for any of them, shall be enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of, any Released Claims against all Released Persons in this Court or any other court or forum.

a.    "Released Claims" means any and all claims, including Unknown Claims, damages, actions, obligations, attorneys' fees, indemnities, subrogations, duties, demands, controversies, and liabilities of every nature, at law or in equity (including, without limitation, claims under federal and state securities laws, and at common law), suspected or unsuspected, accrued or unaccrued, matured or unmatured, whether arising out of or relating to the period prior to or after the date of the Initial Complaint, that have been, could have been, or in the future might be asserted in any court, tribunal, or proceeding, by any Releasing Persons in their capacity as a shareholder of PG&E, arising out of or relating to, or in connection with both: (a) the facts, circumstances, allegations, misrepresentations, and/or omissions that were or could have been alleged in the Initial Complaint, the Complaint, or the Action; and (b) the purchase, acquisition, sale, disposition or holding of PG&E common stock during the Class Period.

b.    "Released Persons" means the Individual Defendants, PG&E, and Pacific Gas and Electric Company, as well as each of their respective families, parent entities, controlling persons, associates, affiliates, predecessors, successors, subsidiaries, past or present officers, directors, shareholders, stockholders, members, principals, managers, representatives, employees, attorneys, insurers, financial or investment advisors, consultants, accountants, investment bankers, heirs, assigns or transferees.

24.    If the Settlement is not consummated, then the Stipulation, except as otherwise

provided in Section L.6 therein, including any amendment(s) thereto, and this Order, except for Paragraphs 24-26 and 28 of this Order, shall be null and void, of no further force or effect, and all Settling Parties shall be deemed to have reverted *nunc pro tunc* to their respective status prior to the execution of the Memorandum of Understanding between the Settling Parties dated December 10, 2020 ("MOU"), and the Settling Parties shall proceed in all respects as if the MOU and the Stipulation had not been executed and the related orders had not been entered, without prejudice in any way from the negotiation, fact, or terms of the Settlement, and preserving all of their respective claims and defenses in the Action, and shall revert to their respective positions in the Action.

25.     If the Settlement is not consummated, the Escrow Agent shall refund the Gross Settlement Fund, less amounts already incurred for Notice and Administration Expenses pursuant to the terms of the Stipulation, to the Settling Defendants within ten (10) business days thereafter. At the request of the Settling Defendant or Plaintiffs, the Escrow Agent or the Escrow Agent's designee shall apply for any tax refund owed to the Gross Settlement Fund and pay the percentage of the proceeds of the tax refund, after deduction of any fees and expenses incurred in connection with such application(s) for refund, to Settling Defendants.

26.     None of the MOU, the Stipulation (including the exhibits and Supplemental Agreement thereto), this Order, or the fact of the Settlement, is an admission or concession by the Released Persons of any liability or wrongdoing whatsoever and shall not constitute a finding of the validity or invalidity of any factual allegation or any claims in the Action or of any liability or wrongdoing by any of the Released Persons.  The MOU, the Stipulation, this Order, the fact of settlement, the settlement proceedings, the settlement negotiations, and any related documents, shall not be used or construed as an admission of any factual allegation, fault, liability, or wrongdoing by any person or entity, and shall in no event be offered or received in evidence as an admission, concession, presumption, or inference against any party in any action or proceeding of any nature, or otherwise referred to or used in any manner in or before any court or other tribunal, except in such proceeding as may be necessary to enforce the Stipulation.

27.    Notwithstanding the foregoing Paragraph 26, the Settling Parties and other Released Persons may file or refer to this Order, the Stipulation, Order and Judgment, and/or any Proof of Claim: (a) to effectuate the liability protections granted hereunder or thereunder, including without limitation, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) to obtain a judgment reduction under applicable law; (c) to enforce any applicable insurance policies and any agreements relating thereto; or (d) to enforce the terms of the Stipulation and/or the Order and Judgment.

28.    The Court retains exclusive jurisdiction over the action to consider all further matters arising out of, or relating to, the Settlement, including by way of illustration and not limitation, any dispute concerning any Proof of Claim filed by any Settlement Class Member and any future requests by one or more of the Parties that the Order and Judgment and/or the permanent injunction set forth in the Stipulation be enforced.

Dated: _____, 2021

_____
HON. HAYWOOD S. GILLIAM JR.
UNITED STATES DISTRICT JUDGE