UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER VATAJ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM D. JOHNSON, JOHN R. SIMON, GEISHA WILLIAMS, and JASON P. WELLS,<br><br>Defendants. | Case No. 4:19-cv-06996-HSG<br><br>**[PROPOSED] ORDER AND FINAL JUDGMENT**<br><br>Hon. Haywood S. Gilliam Jr.<br><br><u>CLASS ACTION</u> |

On the _____ day of _____, 2021, a hearing having been held before this Court to determine, among other things: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated March 9, 2021 (the "Stipulation") entered between, on the one hand, (i) Individual Defendants (a) William D. Johnson, (b) John R. Simon, (c) Geisha Williams, (d) Jason P. Wells, and (e) Sumeet Singh, and (ii) PG&E Corporation (collectively, the "Settling Defendants"), and, on the other hand, (iii) Plaintiffs, are fair, reasonable, and adequate for the settlement of all claims asserted by the Settlement Class; and (2) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among the Settlement Class Members; and the Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Postcard Notice substantially in the form approved by the Court in the Court's Order Preliminarily Approving Settlement and Providing For Notice ("Preliminary Approval Order") was mailed to all reasonably identifiable potential Settlement Class Members; and

It appearing that the Notice substantially in the form approved by the Court in the Preliminary Approval Order was made available in accordance with the Preliminary Approval Order; and

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Preliminary Approval Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

Unless indicated otherwise, capitalized terms used herein have the same meanings defined in the Stipulation.

1.      The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Settlement Class Members, and the Settling Defendants.

2.      Excluded from the Settlement Class are all current and former Defendants, the officers and directors of PG&E or the Utility, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.  Also excluded from the Settlement Class are the

[____] Persons that filed valid and timely requests for exclusion in accordance with the Preliminary Approval Order.

3.    The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all Persons entitled to such notice.  No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.  The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed.  Thus, it is hereby determined that all Settlement Class Members are bound by this Order and Judgment.

4.    The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Settlement Class.  Plaintiffs and the Settling Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

5.    Plaintiffs and the Settlement Class Members hereby release and forever discharge the Released Persons from any and all Released Claims.  Plaintiffs and the Settlement Class Members are hereby permanently and forever enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of the Released Claims against the Released Persons, as set forth in the Stipulation.  For purposes of this Order and Final Judgment:

      a.    "Released Claims" means any and all claims, including Unknown Claims, damages, actions, obligations, attorneys' fees, indemnities, subrogations, duties, demands, controversies, and liabilities of every nature, at law or in equity (including, without limitation, claims under federal and state securities laws, and at common law), suspected or unsuspected, accrued or unaccrued, matured or unmatured, whether arising out of or relating to the period prior to

or after the date of the Initial Complaint, that have been, could have been, or in the future might be asserted in any court, tribunal, or proceeding, by any Releasing Persons in their capacity as a shareholder of PG&E, arising out of or relating to, or in connection with both: (a) the facts, circumstances, allegations, misrepresentations, and/or omissions that were or could have been alleged in the Initial Complaint, the Complaint, or the Action; and (b) the purchase, acquisition, sale, disposition or holding of PG&E common stock during the Class Period.

b. "Released Persons" means the Individual Defendants, PG&E, and Pacific Gas and Electric Company, as well as each of their respective families, parent entities, controlling persons, associates, affiliates, predecessors, successors, subsidiaries, past or present officers, directors, shareholders, stockholders, members, principals, managers, representatives, employees, attorneys, insurers, financial or investment advisors, consultants, accountants, investment bankers, heirs, assigns or transferees.

c. "Unknown Claims" means: (i) any claims that Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, which if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, the decision not to object to the Settlement, provided such claim arises out of or relates to the purchase or sale of PG&E Securities; and (ii) Defendants' claims that Defendant does not know or expect to exist in his, her, or its favor, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that upon the Effective Date, the Parties shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived and by operation of the Order and Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory

of the United States, or principle of common law that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Order and Judgment to have acknowledged, that the inclusion of "Unknown Claims" in the definitions of Released Claims and Released Defendants' Claims was separately bargained for and a key element of the Settlement of which this release is a part.

6.    The Settling Defendants, including any and all of their successors in interest or assigns, hereby release and forever discharge any and all Released Defendants' Claims, to the extent they relate to the subject matter of this Action or its prosecution thereof, against the Plaintiffs and Class Representatives, any of the Settlement Class Members, and any of their counsel, including Lead Counsel.  For purposes of this Order and Final Judgment:

a. "Released Defendants' Claims" means all claims, demands, rights, remedies, liabilities, and causes of action of every nature and description whatsoever, whether based on federal, state, local, statutory, or common law, or any other law, rule, or regulation, including both known and Unknown Claims, that: (i) have been or could have been asserted in the Action by any of the Released Persons or the successors and assigns of any of them, against any of the Plaintiffs or any of their attorneys; and (ii) arise out of or relate in any way to the institution, prosecution, or Settlement of this Action or the Released Claims, including but not limited to all claims for malicious prosecution or sanctions. "Released Defendants' Claims" does not include claims to enforce any of the terms of this Stipulation.

7.    Nothing in this Order and Judgment:

a. bars the Released Persons from pursuing claims that are outside the scope of or independent of the Released Claims, including but not limited to any claim that any Released Person may have for indemnification in connection with the

Action, or for advancement of fees and expenses, indemnification, or contribution in connection with any other claim, demand, controversy, action, or liability; or

b. bars or constitutes a release of any claim by any of the Released Persons for any insurance coverage, including, without limitation, insurance coverage arising out of, related to, or in connection with this Action or the Released Claims.

8.  Lead Counsel are awarded attorneys' fees in the amount of $_____ and expenses, including experts' fees and expenses, in the amount of $_____, such amounts to be paid from out of the Gross Settlement Fund three (3) business days following the entry of this Order.  Lead Counsel shall thereafter be solely responsible for allocating the Attorneys' Fees and Expenses among other Plaintiffs' counsel in a manner in which Lead Counsel in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Action.  If, and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the foregoing Attorneys' Fees and Expense award is overturned or lowered, or if the Settlement is terminated or is not approved by the Court, or if there is an appeal and any order approving the Settlement does not become Final and binding upon the Class, then, within thirty (30) business days after receiving notice from Defense Counsel of such an order from a court of appropriate jurisdiction, each Lead Counsel law firm shall refund to the Gross Settlement Fund such fees and expenses previously paid to them from the Gross Settlement Fund plus interest thereon at the same rate as earned on the Gross Settlement Fund in an amount consistent with such reversal or modification.  Each Lead Counsel law firm receiving attorneys' fees and litigation costs and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, (including the law firm and its partners and/or shareholders) shall be subject to the jurisdiction of the Court for the purpose of enforcing this Stipulation, and each shall be liable for repayment of the attorneys' fees and litigation costs and expenses allocated to it, including all amounts paid as referral fees to other law firms, as well as accrued interest thereon.

9.  Plaintiffs are awarded the sum of $_____ each, as reasonable costs and expenses directly relating to the representation of the Settlement Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the Gross Settlement Fund upon the Effective Date of the Settlement.

10.     The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members.

11.     The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12.     Neither this Order and Final Judgment, the Preliminary Approval Order, the Stipulation (including the exhibits and Supplemental Agreement thereto), the Memorandum of Understanding between the Settling Parties dated December 10, 2020 (the "MOU"), nor any of the negotiations, documents or proceedings connected with them shall be:

   a.  referred to or used against the Released Persons or against the Plaintiffs or the Settlement Class as evidence of wrongdoing by anyone;

   b.  construed against the Released Persons or against the Plaintiffs or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

   c.  construed as, or received in evidence as, an admission, concession or presumption against the Settlement Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; or

   d.  used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption or inference against any of the Released Persons in any proceeding other than such proceedings as may be necessary to consummate or enforce the Stipulation.

13.     Notwithstanding the foregoing Paragraph 12, the Settling Parties and other Released Persons may file or refer to this Order and Final Judgment, the Stipulation, Preliminary Approval Order, and/or any Claim Form: (a) to effectuate the liability protections granted hereunder or thereunder, including without limitation, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) to obtain a judgment reduction under applicable law; (c) to enforce any applicable insurance policies and any

agreements relating thereto; or (d) to enforce the terms of the Stipulation and/or this Order and Final Judgment.

14.     Exclusive jurisdiction is hereby retained over the Settling Parties for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulation, the Settlement and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

15.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions in the Stipulation.

16.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

17.     The finality of this Order and Final Judgment shall not be affected, in any manner, by any appeal concerning the Attorneys' Fees and Expenses awarded herein, the Awards to Plaintiffs, or the Plan of Allocation.

18.     In the event that the Settlement does not become Final and effective in accordance with the terms and conditions set forth in the Stipulation, then the Stipulation, except as otherwise provided in Section L.6 therein, including any amendment(s) thereto, the Preliminary Approval Order, except for Paragraphs 24-26 and 28 thereof, and this Order and Final Judgment, except for Paragraphs 11, 14, and 18-19 shall be rendered null and void of no further force or effect, and all Settling Parties shall be deemed to have reverted *nunc pro tunc* to their respective status prior to the execution of the MOU, and the Settling Parties shall proceed in all respects as if the MOU and the Stipulation had not been executed and the related orders had not been entered, without prejudice in any way from the negotiation, fact, or terms of the Settlement, and preserving all of their respective claims and defenses in the Action, and shall revert to their respective positions in the Action.

19.     If the Settlement does not become Final and effective in accordance with the terms and conditions set forth in the Stipulation, the Escrow Agent shall refund the Gross Settlement Fund, less amounts already incurred for Notice and Administration Expenses pursuant to the terms

of the Stipulation to the Settling Defendants within ten (10) business days thereafter. At the request of the Settling Defendant or Plaintiffs, the Escrow Agent or the Escrow Agent's designee shall apply for any tax refund owed to the Gross Settlement Fund and pay the percentage of the proceeds of the tax refund, after deduction of any fees and expenses incurred in connection with such application(s) for refund, to the Settling Defendants.

Dated: _____, 2021

                                                _____

HON. HAYWOOD S. GILLIAM JR.
UNITED STATES DISTRICT JUDGE