UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER VATAJ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM D. JOHNSON, JOHN R. SIMON, GEISHA WILLIAMS, and JASON P. WELLS,<br><br>Defendants. | Case No. 4:19-cv-06996-HSG<br><br>**PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Hon. Haywood S. Gilliam Jr.<br><br><u>CLASS ACTION</u> |

The Court has ordered the Parties to respond to amend the definition of Released Claims such that only claims relating to the allegations in this action are released, provide an estimate of the proportion of class members who do not receive notice of settlements in securities class actions, explain how the *cy pres* recipient qualifies under *Dennis v. Kellogg Co.*, and file the Supplemental Agreement under seal.

## I.    DEFINITION OF RELEASED CLAIMS

In response to the Court's question regarding the definition of "Released Claims," the Parties have agreed to revise the definition to read as follows:

> "Released Claims" means any and all claims, including Unknown Claims, damages, actions, obligations, attorneys' fees, indemnities, subrogations, duties, demands, controversies, and liabilities of every nature, at law or in equity (including, without limitation, claims under federal and state securities laws, and at common law), suspected or unsuspected, accrued or unaccrued, matured or unmatured, whether arising out of or relating to the period prior to or after the date of the Initial Complaint that any Releasing Persons in their capacity as a shareholder of PG&E (a) asserted in the Initial Complaint, the Complaint, or the Action; or (b) could have been asserted in any forum that arise out of, are based upon, or are related in any way directly or indirectly, in whole or in part, to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Initial Complaint, the Complaint, or the Action and that relate to the purchase, acquisition, sale, disposition or holding of PG&E common stock during the Class Period.

The Parties believe that this definition comports with the Court's experience with releases that "extend[ ] to all claims that were brought or could have been brought based on the facts actually alleged in the complaint." Tr. at 5, 21-22. Moreover, this definition is consistent with releases that have been approved in at least eight other recent settlements of putative securities class actions asserting (as here) claims under Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5 promulgated thereunder:

| Case | Definition of "Released Claims" per Stipulation of Settlement |
|---|---|
| *Hortonworks, Inc. Securities Litigation*, Case No. 3:16-cv-00980-SI (Dkt. 65, filed 5/26/17) | "Settlement Class Claims" means, collectively, any and all claims, rights, liabilities, and causes of action of every nature and description whatsoever, whether known or Unknown Claims, contingent or absolute, mature or unmature, discoverable or undiscoverable, liquidated or unliquidated, accrued or unaccrued, including those that are concealed or hidden, regardless of legal or equitable theory, that any of Plaintiffs or the Settlement Class Members: **(i) were actually asserted in the Amended Complaint; (ii) could have or might have asserted in the Amended Complaint and/or in any other litigation, action, or forum, and which arise out of, are based upon, or are related in any way, directly or indirectly, in whole or in part, to (a) both: (1) the allegations, transactions, facts, matters, occurrences, representations, or omissions involved, set forth, or referred to in the Amended Complaint, and (2) any purchase, sale, acquisition of, or decision to hold, Hortonworks common stock during the Settlement Class Period**; and/or (b) the Settling Defendants' defense or settlement of the Action and/or the Settling Defendants' defense or settlement of the Settlement Class Claims; and/or (iii) could or might assert related to the administration of the Settlement with respect to which the Released Persons' obligations are limited to the requirement that the Settling Defendants pay the Settlement Consideration and assist with identifying Settlement Class Members and excluded persons as set forth below. Notwithstanding the foregoing, "Settlement Class Claims" does not include claims relating to the enforcement of the Settlement. |
| *Fitbit, Inc. Securities Litigation*, Case No. 3:16-cv-00151-SI (Dkt. 203, filed 1/18/18) | "Settlement Class Claims" means all claims, rights, liabilities, and causes of action of every nature and description, including Unknown Claims, whether contingent or absolute, mature or unmature, discoverable or undiscoverable, liquidated or unliquidated, accrued or unaccrued, including those that are concealed or hidden, regardless of legal or equitable theory, that Plaintiffs or any other member(s) of the Settlement Class **asserted or could have [been] asserted in any forum (i) that arise out of, are based upon, or are related in any way directly or indirectly, in whole or in part to, the allegations, transactions, facts, matters, occurrences, representations, or omissions referred to in the operative complaint and that relate to the purchase, sale, acquisition, or retention of Fitbit Class A common stock during the Exchange Act Class** |

2

| | |
|---|---|
| | **Period**; or (ii) that are related the administration of the Settlement. Notwithstanding the foregoing, "Settlement Class Claims" does not include any claims asserted on behalf of the Company in the Derivative Actions. |
| *Wells Fargo & Company Securities Litigation*, Case No. 3:16-cv-05479-JST (Dkt. 225-1, filed 07/31/18) | "Released Plaintiffs' Claims" means any and all claims, debts, demands, rightsor causes of action or liabilities of every nature and description (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether known claims or Unknown Claims, whether arising under federal, state, local, foreign, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, that both (i) concern, arise out of, relate to, or are based upon the purchase, acquisition, or ownership of Wells Fargo common stock during the Class Period and (ii) **were asserted or could have been asserted in this Action by Lead Plaintiff or any other member of the Settlement Class against any of the Defendants' Releasees that arise out of, relate to, or are based upon any of the allegations, circumstances, events, transactions, facts, matters, occurrences, statements, representations or omissions involved, set forth, or referred to in the Complaint**, except for claims relating to the enforcement of the Settlement. |
| *Rabkin v. Lion Biotechnologies, Inc. et al.*, Case No. 3:17-cv-02086-SI (Dkt. 121, filed 9/28/18) | "Released Plaintiffs' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Lead Plaintiff, any other member of the Settlement Class, or any of Plaintiff Releasees **(i) asserted in the Amended Complaint or (ii) could have asserted in any court or forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the Amended Complaint and that relate to the purchase or acquisition of shares of Lion common stock during the Class Period**. [Further excluding specific claims.] |

3

| | |
|---|---|
| *K12 Inc. Securities Litigation*, Case No. 4:16-cv-04069-PJH (Dkt. 106-1, filed 11/26/18) | "Released Plaintiffs' Claims" means all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or Unknown Claims (as defined below), whether arising under federal, state, common, or foreign law, that Lead Plaintiff or any other member of the Settlement Class: **(i) asserted in this Action; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the complaints filed in this Action and that relate to the purchase of K12 Securities during the Settlement Class Period.** Released Plaintiffs' Claims do not include: (i) claims to enforce the Settlement; or (ii) claims of any Person that submits a request for exclusion that is accepted by the Court. |
| *In re Extreme Networks, Inc. Securities Litigation*, Case No. 5:15-cv-04883-BLF (Dkt. 156-1, filed 11/30/18) | "Released Claims" means any and all claims and causes of action of every nature and description, including both known claims and Unknown Claims (defined below), whether arising under federal, state, common or foreign law, or any other law, whether class or individual in nature, that Lead Plaintiff or any other Settlement Class Member **(i) asserted in the Action; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in any complaint in the Action and that relate to the purchase or acquisition of the Company's publicly traded common stock, and/or exchange-traded options on such common stock, during the Class Period**. Notwithstanding the foregoing, Released Claims do not include (i) claims relating to the enforcement of the Settlement; or (ii) or any claims in the shareholder derivative action Shaffer v. Kispert, No. 16-cv-291726 (Super. Ct. of Cal., Santa Clara Cty., Feb. 2., 2016). |
| *RH, Inc. Securities Litigation*, Case No. 4:17-cv-00554-YGR (Dkt. 135-1, filed 5/6/19) | "Released Plaintiffs' Claims" means all claims, rights, liabilities, and causes of action of every nature and description, whether known claims or Unknown Claims, contingent or absolute, mature or not mature, discoverable or undiscoverable, liquidated or unliquidated, accrued or not accrued, including those that are concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other member(s) of the Class: **(i) asserted in the Action, or (ii) could have asserted in any forum, that arise out of, are based upon, or relate to, directly or indirectly, in whole or in part, (A) the allegations, transactions, facts, matters or occurrences,** |

4

| | |
|---|---|
| | **representations or omissions involved, set forth, or referred to in the Action and that relate to the purchase, sale, acquisition, or retention of RH common stock during the Class Period**; or (B) Defendants' and/or their attorneys' defense or settlement of the Action and/or the claims alleged therein. [Further excluding specific claims.] |
| *Quantum Corporation Securities Litigation*, Case No. 3:18-cv-00923-RS (Dkt. 57-1, filed 7/2/19) | "Released Plaintiffs' Claims" means all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or Unknown Claims (as defined below), whether arising under federal, state, common, or foreign law, that Lead Plaintiff or any other member of the Settlement Class: **(i) asserted in this Action; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, practices, SEC filings, matters or occurrences, representations or omissions involved, set forth, or referred to in the complaints filed in this Action and that relate to the purchase of Quantum common stock during the Settlement Class Period (as defined in ¶ 1(rr)), including but not limited to the Restatement and the SEC Inquiry**. Released Plaintiffs' Claims do not include: (i) claims to enforce the Settlement; or (ii) claims of any Person that submits a request for exclusion that is accepted by the Court. |

## II.    ESTIMATE OF THE PROPORTION OF CLASS MEMBERS WHO DO NOT RECEIVE NOTICE OF SETTLEMENTS IN SECURITIES CLASS ACTIONS

Neither Plaintiffs nor the Claims Administrator are aware of, nor have their research uncovered, any systematic estimate of the proportion of class members who do not receive notice in securities class actions. However, there are strong indications that the vast majority of potential class members do get notice.

First, as the claims administrator explains, the methods that will be used to provide notice in this case are used all but universally. The Claims Administrator will provide notice to class members who can be identified through records maintained by PG&E's transfer agent. The vast majority of investors purchase shares through a bank, broker, or other nominee. So the Claims

Administrator will also provide notice to class members through their broker, either by providing postcard notices to the broker to mail to their own clients or by obtaining the clients' information from the nominees and mailing postcard notices directly. Supplemental Declaration of Eric Schachter ("Schachter Dec.") ¶4,, Exhibit 1 to the Declaration of Louis C. Ludwig ("Ludwig Dec."),.[1]

These methods have been used for decades to provide notice to potential class members in securities class actions. Brokers – the critical link in the notice chain – know their responsibilities and have developed procedures to notify their clients or provide claims administrators information sufficient to notify them. Further, if these methods missed large pools of potential class members, then it would be a regular occurrence for class members to stumble onto outdated notices for classes of which they were members and contact the claims administrators seeking a share of the settlement. Yet, having personally overseen more than 100 settlements in 14 years, the Claims Administrator recalls but a handful of such incidents. Schachter Dec. ¶¶2, 7.  Even more telling, when the Claims Administrator did receive such requests, more often than not their records indicated that the class member had received notice. Schachter Dec. ¶7.

Second, a recent article co-authored by a prominent academic who serves as a financial expert in securities class actions shows that the majority of class members file claims. Ludwig Dec., filed herewith, Exhibit 2. In papers in support of securities class action settlements, plaintiffs often compare the settlement amount to their expert's best-case damages estimate. In other filings, the plaintiffs will also disclose the total recognized claims that have been filed.  The authors compared recognized claims to damages estimate for the 190 settlements which had claims filing deadlines in 2015 through 2019 and disclosed both figures. *Id.* at 6. They found that the median ratio of recognized losses to damages estimates was 84%. *Id.* at 6-7. Because many class members with small damages will rationally avoid filing claims, others will refuse to provide substantiating

---

[1] To ensure that notice is provided to all potential class members, securities class action claims administrators monitor the market to maintain comprehensive and up-to-date lists of nominees. The Claims Administrator's list has 4,000 entries. *Id.*

documents, and some securities transactions (e.g., gifts or inheritance of shares not purchased during the class period) are not counted because the recipients did not make an investment decision, the study shows that the proportion of class members who do not receive notice of settlements must be small.

## III.    SUITABILITY OF UNIVERSITY OF SAN FRANCISCO INVESTOR JUSTICE CLINIC AS *CY PRES* RECIPIENT

The proposed *cy pres* award complies with *Dennis v. Kellogg Co.*, 697 F.3d 858 (9th Cir. 2012). In *Dennis*, the Ninth Circuit reversed an order granting final approval to a class action settlement based on the *cy pres* award. There, the court held, "[t]o avoid the 'many nascent dangers to the fairness of the distribution process,' we require that there be 'a driving nexus between the plaintiff class and the *cy pres* beneficiaries.'" 2012 WL 3800230, at *5 (quoting *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1038 (9th Cir. 2011)). In that case, the class consisted of persons who were subjected to Kellogg's advertisements that its cereal improved attentiveness, while the *cy pres* beneficiaries were intended to be charities that feed the indigent.[2] Despite counsel's assertion that the two groups were related, the court found the *cy pres* award was "divorced from the concerns embodied in consumer protection laws such as the UCL and the CLRA." *Id.* at *6.

Here, the designated *cy pres* beneficiary is the University of San Francisco Investor Justice Clinic ("SFIJC"). SFIJC's resolves investor rights cases on behalf of households earning less than $50,000 annually. SFIJC focuses on achieving resolution through through mediation, but will also represent claimants through simplified arbitration proceeding. The SJIC's focus on vindicating investor rights and combating fraud identical to the purpose of the statutes under which this lawsuit is brought, and therefore provides the "driving nexus between the plaintiff class and the *cy pres* beneficiaries." *Nachsin v. AOL*, LLC, 663 F.3d 1034, 1038 (9th Cir. 2011). Thus, the SFIJC

---

[2] The parties in *Dennis* did not identify any specific charities to receive the *cy pres* award. Instead, they provided the charities would be identified at a later date and be subject to court approval. The Ninth Circuit disapproved of this approach, stating it "restricted our ability to undertake the searching inquiry that our precedent requires." *Id.* at *7.

7

is an appropriate *cy pres* recipient, a fact that other courts have recognized in approving SFIJC as a *cy pres* recipient. *See Gudimetla v. Ambow Educ. Holding*, No. CV125062PSGAJWX, 2015 WL 12752443, at *6–7 (C.D. Cal. Mar. 16, 2015); *see also Flynn v. Sientra, Inc.*, No. CV1507548SJORAOX, 2017 WL 11139918, at *14–15 (C.D. Cal. Jan. 23, 2017).[3]

## IV.    FILING OF SUPPLEMENTAL AGREEMENT UNDER SEAL

The parties are filing the supplemental agreement under seal in conjunction with this filing.

Dated: March 18, 2021                          Respectfully submitted,

**POMERANTZ LLP**

*/s/ Louis C. Ludwig*
Patrick V. Dahlstrom
Louis C. Ludwig
(*admitted pro hac vice*)
Jared Schneider
(*admitted pro hac vice*)

Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 229-8811
Email: lcludwig@pomlaw.com
Email: jschneider@pomlaw.com

Jeremy A. Lieberman
(*admitted pro hac vice*)
J. Alexander Hood II
(*admitted pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com

---

[3] It should also be noted that the cy pres provision would only go into effect after a re-distribution had already occurred and would like be *de minimis*. *See* Stipulation and Agreement of Settlement, ¶12.

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

**THE ROSEN LAW FIRM, P.A.**

Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Jonathan Horne (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: jhorne@rosenlegal.com

*Co-Counsel for Co-Lead Plaintiffs*

**THE SCHALL LAW FIRM**
Brian Schall
Sherin Mahdavian
Rina Restaino, Esq.
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com
sherin@schallfirm.com
rina@schallfirm.com

*Additional Counsel for Plaintiff Allustiarti*