UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER VATAJ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM D. JOHNSON, JOHN R. SIMON, GEISHA WILLIAMS, and JASON P. WELLS,<br><br>Defendants. | Case No. 4:19-cv-06996-HSG<br><br>**SUPPLEMENTAL DECLARATION OF ERIC SCHACHTER IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Hon. Haywood S. Gilliam Jr.<br><br><u>CLASS ACTION</u> |

I, Eric Schachter, declare and state as follows:

1.      I am a Vice President with A.B. Data Ltd. ("A.B. Data"), a nationally recognized class action administration firm. At the request of Lead Counsel, I am submitting this supplemental declaration to provide the Court and the parties to the above-captioned action ("Action') with additional information about the procedures and methods to be used to provide notice of the proposed Settlement to Settlement Class Members.[1] I have personal knowledge of the facts set forth herein, and if called on to testify I could and would do so to the best of my ability.

2.      I have personally implemented and coordinated some of the largest and most complex class action notice and administration programs in the country. The scope of my work includes notification, claims processing, and distribution programs in all types of class actions and related matters. I have specific expertise in class actions involving publicly traded securities and have personally overseen the notice process in over 100 securities class actions over the last 14 years.

3.      The proposed notice plan in this matter uses customary procedures to provide direct mail notice to investors who are members of the Settlement Class. Since this is a securities class action

_____

[1] Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated February 12, 2021 (the "Stipulation").

SUPPLEMENTAL DECLARATION OF ERIC SCHACHTER
Master File No. 4:19-cv-06996                                    1

concerning purchasers of publicly traded stock, there is no definitive list of all Settlement Class Members and their contact information to use for direct notice. While the parties to the Action will provide the contact list of the company's shareholders of record available, that list will only account for a very small percentage of the Settlement Class. The vast majority of Settlement Class Members will be beneficial purchasers whose securities are held in "street name" – that is, the securities are purchased by brokerage firms, banks, institutions, and other third-party nominees in each instance in the name of the nominee, on behalf of the beneficial purchaser. As a result, the names and contact information for most of the actual beneficial purchasers of PG&E stock during the Settlement Class Period are unknown to the parties.

4.    Therefore, notice in these matters is typically effectuated through a multiprong approach relying on third-party brokerage houses. In addition to sending direct notice to the shareholders of record identified by the parties, notice will also be sent to a list of approximately 4,000 banks, brokers, and other nominees that A.B. Data maintains for purposes of providing notice in securities class actions like this one (the "Nominee List"). A.B. Data then works closely with the entities on the Nominee List to either provide A.B. Data with a list of their clients who are potential Settlement Class Members, i.e., those who purchased PG&E common stock between December 13, 2018 and October 28, 2019, or to forward notice on to those clients in lieu of providing their names and mailing addresses to A.B. Data.

5.    To supplement direct notice efforts, the proposed notice plan also calls for publication of a summary version of the Notice (the "Summary Notice") to be transmitted once over the *PR Newswire* and for notice to posted on the Depository Trust Company ("DTC") Legal Notice System ("LENS"). LENS provides DTC participants the ability to search and download legal notices as well as receive e-mail alerts based on notices or particular CUSIPs once a legal notice is posted.

6.    Since an all-inclusive list of the Settlement Class does not exist nor is there a way to quantify exactly how many Settlement Class Members there are, we will not be able to definitively quantify what percentage of the Settlement Class will receive direct notice using the procedures outlined above. However, based on my direct experience with other class actions involving publicly traded securities, I believe the Settlement Class will be effectively noticed using these procedures.

SUPPLEMENTAL DECLARATION OF ERIC SCHACHTER
Master File No. 4:19-cv-06996                    2

Notably, these same procedures are used in essentially every class action involving common stock purchasers such that the brokerage and clearing houses are well versed in fulfilling their role in facilitating notice (i.e., providing class member names and mailing addresses). A.B. Data also uses the publicly available trading history of the common stock at issue to estimate the number of notices required in each securities class action and those estimates typically prove to be accurate, which lends further credence to the effectiveness of these notice procedures. I am also not aware of any instance in which these procedures have been found by a Court or otherwise to be ineffective.

7.    My experience is not consistent with the possibility that large groups of class members in securities class actions frequently fail to receive notice. For example, if many class members regularly did not receive notice, I would expect to frequently be contacted by class members years after the fact asking to have their untimely submitted claims accepted due to lack of notice. In fact, most requests to submit a late claim are based on other factors that have nothing to do with lack of notice. For the few instances when I am contacted by class members who claim not to have received notice, we more often than not discover that notice was in fact sent and it was either misplaced or not acted upon, which further undermines the possibility that there is a large pool of class members in securities class actions who regularly never receive notice.

8.    Based on my 14 years of experience, the notice process outlined herein will provide Settlement Class Members with effective notice and is the best practicable method of notice under the circumstances.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 18, 2021, in Milwaukee, Wisconsin.

Eric Schachter

SUPPLEMENTAL DECLARATION OF ERIC SCHACHTER
Master File No. 4:19-cv-06996                3