**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER VATAJ, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM D. JOHNSON, JOHN R. SIMON, GEISHA WILLIAMS, and JASON P. WELLS, <br><br> Defendants. | Case No. 4:19-cv-06996-HSG |

**DECLARATION OF ERIC A. NORDSKOG REGARDING: (A) MAILING OF THE POSTCARD NOTICE; (B) PUBLICATION OF THE SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

I, Eric A. Nordskog, declare as follows:

1.    I am a Senior Project Manager of A.B. Data, Ltd.'s Class Action Administration Division ("A.B. Data")[1], whose Corporate Office is located in Milwaukee, Wisconsin.  Pursuant to the Court's April 20, 2021, Order Granting Motion for Preliminary Approval, (the "Preliminary Approval Order"), A.B. Data was authorized to act as the Claims Administrator in connection with the Settlement in the above-captioned action (the "Action").  I am over 21 years of age and am not a party to this Action.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

**MAILING OF THE POSTCARD NOTICE**

2.    On May 14, 2021, A.B. Data received a data file from Defendants' counsel with the names and addresses of 51,875 unique record holders of PG&E Common Stock that were potential Settlement Class Members.  On May 18, 2021, A.B. Data caused the Postcard Notices, a copy of which is attached as Exhibit A hereto, to be sent by First-Class Mail to these 51,875 potential Settlement Class Members.

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement dated February 14, 2021 ("Stipulation"). ECF No. 81.

3.     As in most class actions of this nature, the majority of potential Settlement Class Members are beneficial purchasers whose securities are held in "street name" by nominees – *i.e.*, the securities are purchased by brokerage firms, banks, institutions, and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers.  The names and addresses of these beneficial purchasers are known only to the nominees.  A.B. Data maintains a proprietary database with names and addresses of the largest and most common banks, brokers, and other nominees.  On May 18, 2021, A.B. Data caused Postcard Notices to be mailed to the 4,990 mailing records contained in the A.B. Data record holder mailing database.

4.     In addition, on or around May 18, 2021 A.B. Data also delivered electronic copies of the Notice of Pendency and Proposed Settlement of Class Action ("Long Form Notice") and the Proof of Claim and Release Form ("Proof of Claim") to 541 banks, brokers, and nominees for which A.B. has a registered email address. Copies of the Long Form Notice and Proof of Claim are attached hereto as Exhibits B and C, respectively.

5.     On May 18, 2021, A.B. Data also submitted the Long Form Notice and the Proof of Claim to the Depository Trust Company to post on their Legal Notice System, which offers DTC member banks and brokers access to a comprehensive library of notices concerning DTC-eligible securities.

6.     As of the date of this Declaration, A.B. Data has received 70,065 names and addresses of potential Settlement Class Members from individuals or brokerage firms, banks, institutions, and other nominees.  A.B. Data has also received requests from brokers and other nominee holders for 91,574 Postcard Notices, which the brokers and nominees are required to mail to their customers.  All such mailing requests have been, and will continue to be, responded to by A.B. Data in a timely manner.

7.     As of the date of this Declaration, a total of 218,504 Postcard Notices have been mailed to potential Settlement Class Members and their nominees. In addition, A.B. Data has re-mailed 230 Postcard Notices to persons whose original mailing was returned by the U.S. Postal Service and for whom updated

addresses were obtained through either the Postal Service or address research conducted through TransUnion.

### PUBLICATION OF THE SUMMARY NOTICE

8.     In accordance with the Preliminary Approval Order, A.B. Data caused the Summary Notice to be transmitted over *PR Newswire* on May 28, 2021.  Proof of this publication of the Summary Notice is attached hereto as Exhibit D.

### TELEPHONE HOTLINE

9.     On or about May 18, 2021, a case-specific toll-free phone number, 877-933-2882, was established with an Interactive Voice Response system and live operators. An automated attendant answers all calls initially and presents callers with a series of choices to respond to basic questions.  If callers need further help, they have the option to be transferred to an operator during business hours.

### WEBSITE

10.     A.B. Data has also established a case-specific website, www.PGESecuritiesSettlement.com, which provides general information regarding the case and its current status, as well as downloadable copies of the Notice, Proof of Claim, and other court documents, including the Settlement Agreement.

### CLAIMS

11.     The Long Form Notice informed potential Settlement Class Members that claim forms are to be submitted either electronically or to *PG&E Corp. Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173052, Milwaukee, WI 53217 such that they are received on or before July 19, 2021.  To date, A.B. Data has received approximately 4,800 claim forms.

### REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS

12.     The Long Form Notice informed potential Settlement Class Members that written requests for exclusion are to be mailed to *PG&E Corp. Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd.,

P.O. Box 173001, Milwaukee, WI 53217 such that they are received on or before August 26, 2021. A.B. Data has been monitoring all mail delivered to the post office box. As of the date of this Declaration, A.B. Data has not received any requests for exclusion.

13. According to the Long Form Notice, Settlement Class Members seeking to object to the Settlement, the Plan of Allocation, Lead Counsel's motion for Attorneys' Fees and Expenses, and/or the request for an Award to Lead Plaintiffs are required to submit their objection in writing such that the request is received by the Parties and filed with the Court no later than August 26, 2021. As of the date of this Declaration, A.B. Data as not received any misdirected objections.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 12th day of July 2021.

_____
Eric A. Nordskog

4

# EXHIBIT A

PG&E Securities Settlement
c/o A.B. Data, Ltd.
P.O. Box 173052
Milwaukee, WI 53217

PRESORTED
FIRST-CLASS
MAIL U.S.
POSTAGE PAID

**Court-Ordered Legal Notice**
**Forwarding Service Requested**

*Important Notice about a Securities*
*Class Action Settlement*

*You may be entitled to a payment.*
*This Notice may affect your legal*
*rights.*

*Please read it carefully.*

Case No. 4:19-cv-06996 (N.D. Cal.)

Case Pending in the United States District Court for the
Northern District of California

[NAME 1]
[NAME 2]
[NAME 3]
[ADDRESS 1]
[ADDRESS 2]

*Hagen v. Johnson, et al., Case No. 4:19-cv-06996 (HSG) (N.D. Cal.)*

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.PGESECURITIESSETTLEMENT.COM OR CALL (877) 933-2882 FOR MORE INFORMATION.*

**YOU ARE HEREBY NOTIFIED,** pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California, that a hearing will be held on **September 16, 2021, at 2:00 p.m.**, before the Hon. Haywood S. Gilliam, Jr., Oakland Courthouse, Courtroom 2 – 4th Floor, 1301 Clay Street, Oakland, CA 94612. At this hearing, the Court will consider (i) whether the Settlement of the Settlement Class's claims against the Defendants for $10,000,000 is fair, reasonable, and adequate, and should be approved by the Court; (ii) whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Complaint on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Released Persons as set forth in the Stipulation should be ordered; (iii) whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court; (iv) the application of Lead Counsel for an award of Attorneys' Fees and Expenses of no more than 25% of the Settlement Fund, reimbursement of expenses of no more than $100,000, and Awards to Plaintiffs of no more than $5,000 each, or $15,000 in total; (v) Settlement Class Members' objections to the Settlement, whether submitted previously in writing or presented orally at the Settlement Hearing by Settlement Class Members (or by counsel on their behalf); and (vi) such other matters as the Court may deem appropriate.

If you purchased or otherwise acquired PG&E common stock between December 13, 2018, and October 28, 2019 (the "Class Period"), your rights may be affected by this Action and the Settlement thereof. The detailed Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), Motion for Award of Attorneys' Fees and Reimbursement of Litigation Expenses, and Proof of Claim and Release Form are available for download at www.PGESecuritiesSettlement.com or by contacting the Claims Administrator, by mail at: PG&E Securities Settlement, c/o A.B. Data, Ltd., P.O Box 173052, Milwaukee, WI 53217; by telephone at (877) 933-2882; or by email at info@PGESecuritiesSettlement.com.

If you are a member of the Settlement Class and wish to share in the Settlement money, you must submit a Proof of Claim no later than **July 19, 2021**, establishing that you are entitled to recovery. As further described in the Notice, you will be bound by any judgment entered in the Action, regardless of whether you submit a Proof of Claim, unless you exclude yourself from the Class, in accordance with the procedures set forth in the Notice, by no later than **August 26, 2021**. Any objections to the Settlement, Plan of Allocation, or attorney's fees and expenses must be filed, in accordance with the procedures set forth in the Notice, no later than **August 26, 2021**.

Inquiries, other than requests for the Notice, may be made to Lead Counsel for the Settlement Class: Louis C. Ludwig, Pomerantz LLP, 10 South La Salle Street, Ste. 3505, Chicago, IL 60603, Telephone: (312) 377-1181 or Jonathan Horne, the Rosen Law Firm, P.A., 275 Madison Avenue, 40th Floor, New York, NY 10016, Telephone: (212) 686-1060.

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER VATAJ, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>WILLIAM D. JOHNSON, JOHN R. SIMON, GEISHA WILLIAMS, and JASON P. WELLS,<br><br>　　　　Defendants. | Case No. 4:19-cv-06996-HSG<br><br><br>**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION** |

If you purchased or otherwise acquired the common stock of PG&E Corporation ("PG&E") between December 13, 2018, and October 28, 2019, you could get a payment from a class action settlement (the "Settlement")[1].

*Under law, a federal court has authorized this Notice.  This is not a solicitation from a lawyer.*

- If approved by the Court, the Settlement will provide $10,000,000.00 (Ten Million Dollars and Zero Cents) in cash (the "Settlement Amount") to pay claims of investors who purchased the common stock of PG&E on the New York Stock Exchange between December 13, 2018, and October 28, 2019, both dates inclusive.

- The Settlement represents an average recovery of $0.019 per share of PG&E common stock for the 529 million shares outstanding as of November 1, 2019, shortly after the end of the Settlement Class Period.  A share may have been traded more than once during the Settlement Class Period.  This estimate solely reflects the average recovery per outstanding share of PG&E common stock.  The indicated average recovery per share will be the total average recovery for all purchasers of that share.  This is not an estimate of the actual recovery per share you should expect.  Your actual recovery will depend on the aggregate losses of all Settlement Class Members that file claims on the Settlement, the date(s) you purchased and sold PG&E common stock, your purchase price(s) and sale price(s), and the total number and amount of claims filed.

- Lead Counsel (identified below) intend to ask the Court to award them Attorneys' Fees in an amount not to exceed twenty-five percent (25%) of the Gross Settlement Fund, an award of Expenses of no more than $100,000, and Awards to the Plaintiffs not to exceed $5,000 each, or a total of $15,000.  Collectively, the maximum amount of Attorneys' Fees and Expenses and Awards to Plaintiffs are estimated to average $0.005 per share of PG&E common stock.  If approved by the Court, these amounts will be paid from the Gross Settlement Fund.  The approximate recovery, after deduction of (i) Attorneys' Fees and Expenses approved by the Court, (ii) Awards to Plaintiffs approved by the Court, and (iii) other fees and expenses authorized by the Court, is an average of $0.014 per share of PG&E common stock.  This estimate is based on the assumptions set forth in the preceding paragraph.

- The Settlement resolves the Action (as defined below) which concerned Plaintiffs' claims that PG&E and certain of PG&E's officers made false and misleading statements in violation of federal securities laws, based upon the allegations set forth in the previously-filed Amended Complaint (the "Complaint").  The Complaint alleged, among other things, that the Defendants named in the Complaint made material misrepresentations concerning PG&E's preparation for certain de-energization events conducted in 2019.

- Individual Defendants William D. Johnson, John R. Simon, Geisha Williams, Jason P. Wells, and Sumeet Singh (together, the "Individual Defendants") and PG&E (collectively, with the Individual Defendants, the "Defendants" or "Settling Defendants") deny all allegations of misconduct and liability.

- Your legal rights will be affected whether you act or do not act.  If you do not act, you may permanently forfeit your right to recover on this claim.  Therefore, you should read this notice carefully.

---

[1] All capitalized terms herein have the same meaning as prescribed to them in the Stipulation and Agreement of Settlement (the "Stipulation") dated May 14, 2021, and entered in the above captioned Action.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| | |
|---|---|
| **SUBMIT A CLAIM FORM NO LATER THAN JULY 19, 2021** | The only way to get a payment. |
| **EXCLUDE YOURSELF NO LATER THAN AUGUST 26, 2021** | Get no payment. |
| **OBJECT NO LATER THAN AUGUST 26, 2021** | Write to the Court about why you do not like the Settlement. |
| **GO TO A HEARING ON SEPTEMBER 16, 2021** | Speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment.  Give up rights. |

**INQUIRIES**

**Please do not contact the Court regarding this Notice.**  All inquiries concerning this Notice, the Proof of Claim and Release Form, or any other questions by Settlement Class Members should be directed to:

| | | |
|---|---|---|
| PG&E Corp. Securities Litigation Claims Administrator c/o A.B. Data, Ltd. P.O Box 173052 Milwaukee, WI 53217 Tel.:  (877) 933-2882 www.pgesecuritiessettlement.com | **or** | Louis C. Ludwig POMERANTZ LLP 10 South LaSalle St. Ste. 3505 Chicago, IL 60603 Tel.:  (312) 377-1181 Fax:  (312) 229-8811 lcludwig@pomlaw.com *Co-Lead Counsel* |

**COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT**

1.      **Why did I get this Notice?**
        You or someone in your family may have acquired PG&E common stock during the Settlement Class Period.

2.      **What is this lawsuit about?**
        The case is known as *Christopher Vataj v. William D. Johnson, et al.*, Case No. 4:19-cv-06996-HSG (the "Action"), and the Court in charge of the case is the United States District Court for the Northern District of California.  By Order dated February 3, 2020, the Court appointed Movants Ironworkers Local 580 Joint Funds and Ironworkers Locals 40, 361 & 417 Union Security Funds, and Robert Allustiarti as Co-Lead Plaintiffs.  By the same Order, the Court appointed Pomerantz LLP and The Rosen Law Firm, P.A. as Co-Lead Counsel.

        The Complaint was filed on April 17, 2020, alleging violations of §10(b) by PG&E and Johnson, Williams, and Singh; and violations of §20(a) of the Exchange Act against Johnson, Williams, and Singh.  Among other things, the Action is about whether the Defendants named in the Complaint violated the federal securities laws by allegedly making false and misleading statements to the investing public as set forth in the Complaint.  The Complaint alleges that during the Settlement Class Period, the Defendants named in the Complaint made misrepresentations concerning PG&E's preparation for certain de-energization events that occurred in and around October 2019.

        On May 15, 2020, the Defendants named in the Complaint moved to dismiss Plaintiffs' claims.  That motion to dismiss remains before the Court pending approval of this Settlement.  PG&E had not been served with the Complaint as of

the filing of the motion to dismiss, but has since accepted service of the Complaint. If the Settlement is not approved or does not become effective, PG&E retains the right to move to dismiss the Complaint.

Following negotiations facilitated by experienced mediator the Hon. Layn Phillips (Ret.), the Plaintiffs and Defendants entered into the Stipulation. The Settlement resolves all of the claims in the Action against the Settling Defendants.

**3.    Why is this a class action?**

In a class action, one or more persons and/or entities, called lead plaintiff(s), sue on behalf of all persons and/or entities who have similar claims. All of these persons and/or entities are referred to collectively as a class, and these individual persons and entities are known as class members. One court resolves all of the issues for all class members, except for those class members who exclude themselves from the class.

**4.    Why is there a Settlement?**

Plaintiffs and the Settling Defendants do not agree regarding the merits of Plaintiffs' allegations with respect to liability or the average amount of damages per share that would be recoverable if Plaintiffs prevailed at trial on each claim. The issues on which Plaintiffs and the Settling Defendants disagree include: (1) whether the Defendants named in the Complaint made false and misleading statements; (2) whether the Defendants named in the Complaint made these statements knowingly; (3) whether the statements were the cause of the Settlement Class Members' alleged damages; and (4) the amount of damages, if any, suffered by the Settlement Class Members.

This matter has not gone to trial, and the Court has not decided in favor of any party involved in this Action. Instead, Plaintiffs and the Settling Defendants have agreed to settle the Action. Plaintiffs and Lead Counsel believe the settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by the Defendants named in the Complaint.

**5.    How do I know if I am part of the Settlement Class?**

To be a Settlement Class Member, you must have purchased or otherwise acquired PG&E common stock between December 13, 2018, and October 28, 2019, both dates inclusive.

**6.    What does the Settlement provide?**

**a.    What is the Gross Settlement Fund?**

The proposed Settlement will create a Gross Settlement Fund in the amount of $10,000,000.00 (Ten Million Dollars and Zero Cents) plus all interest earned thereon. The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Gross Settlement Fund will be used to pay Lead Counsel's Attorneys' Fees and Expenses and any Award to Plaintiffs. A portion of the Gross Settlement Fund also will be used to pay (i) Taxes and Tax Expenses in respect of the Gross Settlement Fund; (ii) Notice and Administration Expenses as authorized by the Stipulation; and (iii) other fees and expenses authorized by the Court. After the foregoing deductions from the Gross Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit valid claims.

**b.    What can you expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will depend on, among other things: (i) the number of claims filed; (ii) the dates you purchased and sold PG&E common stock; (iii) the prices of your purchases and sales; (iv) the amount of Notice and Administration Expenses; and (v) the amount of Attorneys' Fees and Expenses awarded to Lead Counsel by the Court and the amount of any Award to Plaintiffs approved by the Court.

**PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND
AMONG SETTLEMENT CLASS MEMBERS**

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged misstatements and omissions, as opposed to losses caused by market- or industry-wide factors, or company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula ("Recognized Loss") described below.

A Recognized Loss will be calculated for each share of PG&E common stock purchased or otherwise acquired during the Settlement Class Period. The calculation of Recognized Loss will depend upon several factors, including when the PG&E common stock was purchased or otherwise acquired during the Settlement Class Period, and in what amounts, and whether such stock was sold, and if sold, when it was sold, and for what amounts. The Recognized Loss is not intended to estimate the

amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that the price of PG&E common stock was artificially inflated throughout the Settlement Class Period. The estimated alleged artificial inflation in the price of PG&E common stock during the Settlement Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of PG&E common stock during the Settlement Class Period is based on certain misrepresentations alleged by Plaintiffs and the price change Plaintiffs allege occurred in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiffs.

The U.S. federal securities laws allow investors to seek to recover losses caused by disclosures which corrected the defendants' previous misleading statements or omissions. Thus, in order to have recoverable damages, the corrective disclosure of the allegedly misrepresented inflation must be the cause of the decline in the price or value of PG&E common stock. In this Action, Plaintiffs allege that the Defendants named in the Complaint made false statements and/or omitted material facts during the Settlement Class Period, which had the purported effect of artificially inflating the price of PG&E common stock. Plaintiffs further allege that corrective disclosures removed artificial inflation from the price of PG&E common stock on September 24, 2019, September 27, 2019, October 8, 2019, October 10, 2019, and October 28, 2019 (the "Corrective Disclosure Dates"). Thus, in order for a Settlement Class Member to have a Recognized Loss under the Plan of Allocation, PG&E common stock must have been purchased or acquired during the Settlement Class Period and held through at least one of these Corrective Disclosure Dates.

| Table 1 Alleged Artificial Inflation in PG&E Common Stock | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| December 13, 2018 | September 23, 2019 | $5.72 |
| September 24, 2019 | September 26, 2019 | $4.84 |
| September 27, 2019 | October 7, 2019 | $4.38 |
| October 8, 2019 | October 9, 2019 | $4.17 |
| October 10, 2019 | October 27, 2019 | $1.04 |
| October 28, 2019 | Thereafter | $0.00 |

The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for PG&E common stock. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on PG&E common stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average price during the 90-Day Lookback Period. The Recognized Loss on PG&E common stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes, and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero. Any transactions in PG&E common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session for the U.S. financial markets.

A Recognized Loss will be calculated as set forth below for each purchase or acquisition of PG&E common stock during the Settlement Class Period that is listed in the Proof of Claim and Release Form and for which adequate documentation is provided.

**PG&E Common Stock Recognized Loss Calculations**

For each share of PG&E common stock purchased or otherwise acquired during the Settlement Class Period (*i.e.*, December 13, 2018, through October 28, 2019, inclusive), the Recognized Loss per share shall be calculated as follows:

  i.    For each share of PG&E common stock that was sold prior to September 24, 2019, the Recognized Loss per share is $0.00.

  ii.   For each share of PG&E common stock purchased during the period December 13, 2018, through October 27, 2019, inclusive, that was subsequently sold during the period September 24, 2019, through October 27, 2019, inclusive, the Recognized Loss per share is *the lesser of*:

      a.    the amount of per-share price inflation on the date of purchase as appears in Table 1 above, *minus* the amount of per-share price inflation on the date of sale as appears in Table 1 above; or

      b.    the purchase price *minus* the sale price.

  iii.  For each share of PG&E common stock purchased during the period December 13, 2018, through October 27, 2019, inclusive, that was subsequently sold during the period October 28, 2019, through January 24, 2020, inclusive, (*i.e.*, sold during the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

      a.    the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

      b.    the purchase price *minus* the "90-Day Lookback Value" on the date of sale as provided in Table 2 below; or

      c.    the purchase price *minus* the sale price.

  iv.   For each share of PG&E common stock purchased during the period December 13, 2018, through October 27, 2019, inclusive, that was still held as of the close of trading on January 24, 2020, the Recognized Loss per share is *the lesser of*:

      a.    the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

      b.    the purchase price *minus* the average closing price for PG&E common stock during the 90-Day Lookback Period, which is $9.40.

  v.    For each share of PG&E common stock purchased on or after October 28, 2019, the Recognized Loss per share is $0.

| Table 2 90-Day Lookback Value | | | | | |
|---|---|---|---|---|---|
| **Sale / Disposition Date** | **90-Day Lookback Value** | **Sale / Disposition Date** | **90-Day Lookback Value** | **Sale / Disposition Date** | **90-Day Lookback Value** |
| 10/28/2019 | $3.80 | 11/25/2019 | $6.64 | 12/24/2019 | $8.33 |
| 10/29/2019 | $4.42 | 11/26/2019 | $6.68 | 12/26/2019 | $8.39 |
| 10/30/2019 | $4.99 | 11/27/2019 | $6.71 | 12/27/2019 | $8.44 |
| 10/31/2019 | $5.29 | 11/29/2019 | $6.75 | 12/30/2019 | $8.49 |
| 11/1/2019 | $5.51 | 12/2/2019 | $6.79 | 12/31/2019 | $8.54 |
| 11/4/2019 | $5.81 | 12/3/2019 | $6.86 | 1/2/2020 | $8.59 |
| 11/5/2019 | $6.12 | 12/4/2019 | $6.95 | 1/3/2020 | $8.64 |
| 11/6/2019 | $6.22 | 12/5/2019 | $7.05 | 1/6/2020 | $8.67 |
| 11/7/2019 | $6.20 | 12/6/2019 | $7.14 | 1/7/2020 | $8.71 |
| 11/8/2019 | $6.23 | 12/9/2019 | $7.28 | 1/8/2020 | $8.75 |
| 11/11/2019 | $6.23 | 12/10/2019 | $7.44 | 1/9/2020 | $8.78 |
| 11/12/2019 | $6.30 | 12/11/2019 | $7.59 | 1/10/2020 | $8.81 |

| 11/13/2019 | $6.35 | 12/12/2019 | $7.71 | 1/13/2020 | $8.85 |
|------------|-------|------------|-------|-----------|-------|
| 11/14/2019 | $6.37 | 12/13/2019 | $7.82 | 1/14/2020 | $8.91 |
| 11/15/2019 | $6.44 | 12/16/2019 | $7.87 | 1/15/2020 | $8.98 |
| 11/18/2019 | $6.48 | 12/17/2019 | $7.95 | 1/16/2020 | $9.04 |
| 11/19/2019 | $6.50 | 12/18/2019 | $8.05 | 1/17/2020 | $9.11 |
| 11/20/2019 | $6.54 | 12/19/2019 | $8.12 | 1/21/2020 | $9.18 |
| 11/21/2019 | $6.56 | 12/20/2019 | $8.19 | 1/22/2020 | $9.24 |
| 11/22/2019 | $6.60 | 12/23/2019 | $8.26 | 1/23/2020 | $9.31 |
|            |       |            |       | 1/24/2020 | $9.40 |

## INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible shares that participate in the Settlement, and when those shares were purchased and sold. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of PG&E common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

Acquisition by Gift, Inheritance, or Operation of Law: If a Settlement Class Member acquired PG&E common stock during the Settlement Class Period by way of gift, inheritance, or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that PG&E common stock was originally purchased prior to commencement of the Settlement Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

Notwithstanding any of the above, receipt of PG&E common stock during the Settlement Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of PG&E common stock.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Sales will be matched in chronological order, by trade date, first against PG&E common stock held as of the close of trading on December 12, 2018 (the last day before the Settlement Class Period begins), and then against the purchases of PG&E common stock during the Settlement Class Period.

The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a Claimant has an opening short position in PG&E common stock, the earliest Settlement Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

With respect to PG&E common stock purchased through the exercise of a call or put option,[2] the purchase date of PG&E common stock shall be the exercise date of the option and the purchase price shall be the closing price of PG&E common stock on the exercise date. Any Recognized Loss arising from purchases of PG&E common stock acquired during the Settlement Class Period through the exercise of an option on PG&E common stock shall be computed as provided for other purchases of PG&E common stock in the Plan of Allocation.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Settlement Class Members who do not submit an acceptable Proof of Claim will not share in the Settlement proceeds. The Settlement Stipulation and the Order and Final Judgment dismissing this Action will nevertheless bind Settlement Class Members who do not submit a request for exclusion or submit an acceptable Proof of Claim.

---

[2] Including (1) purchases of PG&E common stock as the result of the exercise of a call option, and (2) purchases of PG&E common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims administration process, to decide the issue by submitting a written request.

Defendants, their respective counsel, and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Gross Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Plaintiffs and Lead Counsel likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (i) first, to pay any amounts mistakenly omitted from the initial disbursement; (ii) second, to pay any additional Settlement administration fees, costs, and expenses, including those of Lead Counsel as may be approved by the Court; and (iii) finally, to make a second distribution to Claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.

7.    **How can I get a payment?**
To qualify for a payment, you should fill out a form online at www.pgesecuritiessettlement.com ("Case Website"). Read the instructions carefully, fill out the form, and sign it in the location indicated. The Case Website also includes instructions on downloading your transaction data directly from your brokerage so that you do not have to manually enter each transaction.

If you are unable to fill out a form online, please print the form entitled "Proof of Claim and Release" available on the Case Website, fill it out, and mail it to the address below:

*PG&E Corp. Securities Litigation*
Claims Administrator
c/o A.B. Data, Ltd.
P.O Box 173052
Milwaukee, WI 53217

Please note that if you choose to print and mail a form, you will need to manually enter each transaction.

Typically, most class members submit electronic claims. Submitting a claim by mail significantly increases the time necessary to process the claim, which both delays payments to all Settlement Class Members and reduces the amount of money that can be distributed to Settlement Class Members.

The Claims Administrator will process your claim and determine whether you are an "Authorized Claimant."

8.    **What am I giving up to get a payment or stay in the Settlement Class?**
Unless you exclude yourself, you will remain in the Settlement Class. That means that if the Settlement is approved, you and all Settlement Class Members will release all "Released Claims" (and therefore agree never to sue, continue to sue, or be part of any other lawsuit) against the "Released Persons."

a.    "Released Claims" means any and all claims, including Unknown Claims, damages, actions, obligations, attorneys' fees, indemnities, subrogations, duties, demands, controversies, and liabilities of every nature, at law or in equity (including, without limitation, claims under federal and state securities laws, and at common law), suspected or unsuspected, accrued or unaccrued, matured or unmatured, whether arising out of or relating to the period prior to or after the date of the Initial Complaint that any Releasing Persons in their capacity as a shareholder of PG&E (a) asserted in the Initial Complaint, the Complaint, or the Action; or (b) could have been asserted in any forum that arise out of, are based upon, or are related in any way, directly or indirectly, in whole or in part, to the allegations, transactions, facts, matters or occurrences, or representations or omissions involved, set forth, or referred to in the Initial Complaint, the Complaint, or the Action and that relate to the purchase, acquisition, sale, disposition, or holding of PG&E common stock during the Class Period.

b.    The Released Persons are the Individual Defendants, PG&E, and Pacific Gas and Electric Company, as well as each of their respective families, parent entities, controlling persons, associates, affiliates, predecessors, successors, subsidiaries, past or present officers, directors, shareholders, stockholders,

members, principals, managers, representatives, employees, attorneys, insurers, financial or investment advisors, consultants, accountants, investment bankers, heirs, assigns, or transferees.

The Releasing Persons are, collectively and individually, Plaintiffs and the Settlement Class, as well as each of their respective successors in interest, predecessors, representatives, executors, administrators, heirs, assigns, or transferees, whether immediate or remote, and any person or entity acting for or on behalf of, or claiming under, any of them.

You do not release the Released Persons from any claim or action to enforce the Settlement.

Remaining in the Settlement Class also means that all of the Court's orders will apply to you and legally bind you.  If you sign the claim form, you are agreeing to a "Release of Claims," which will bar you from ever filing a lawsuit against any Released Person concerning a Released Claim.  That means you will accept a share in the Net Settlement Fund as sole compensation for any losses you have suffered in the acquisition and sale of PG&E common stock during the Settlement Class Period.

**9.      How do I get out of the Settlement?**
If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue the Settling Defendants on your own based on the legal claims raised in this Action, then you must take steps to get out of the Settlement.  This is called excluding yourself from – or "opting out" of – the Settlement.  To exclude yourself from the Settlement, you must mail a letter stating you want to be excluded as a Settlement Class Member from *Christopher Vataj v. William D. Johnson, et al.*, Case No. 4:19-cv-06996-HSG.  Be sure to include your name, address, telephone number, and your signature, along with an accurate list of all of your purchases and sales of PG&E common stock, including the date, number of shares, and the price of your purchases or sales.  You must mail your exclusion request to the Claims Administrator at the address below so that it is received no later than August 26, 2021:

*PG&E Corp. Securities Litigation*
ATTN: EXCLUSIONS
c/o A.B. Data, Ltd.
P.O Box 173001
Milwaukee, WI 53217

You cannot exclude yourself by telephone or by email.  If you ask to be excluded, you will not receive a Settlement payment, and you cannot object to the Settlement.  If you ask to be excluded, you will not be legally bound by anything that happens in this Action.

**10.     If I do not exclude myself, can I sue the Settling Defendants for the same thing later?**
No.  Unless you exclude yourself, you give up any right to sue any of the Settling Defendants or any of the Released Persons for the Released Claims that this Settlement resolves.  If you have a pending lawsuit, speak to your lawyer in that case immediately, since you may have to exclude yourself from this Settlement Class to continue your own lawsuit.

**11.     Do I have a lawyer in this case?**
The Court appointed the law firm of Pomerantz LLP and the Rosen Law Firm, P.A. as Co-Lead Counsel, also referred to as "Lead Counsel," to represent you and the Settlement Class Members.  If you want to be represented by your own lawyer, you may hire one at your own expense.  Contact information for Pomerantz and Rosen are provided below.

**12.     How will the lawyers be paid?**
Plaintiffs' Lead Counsel has not been paid any attorneys' fees to date.  Lead Counsel have prosecuted this action on a contingent fee basis and have paid for all of the expenses of the litigation themselves.  Lead Counsel have done so with the expectation that if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Gross Settlement Fund, as is customary in this type of litigation.  Lead Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Gross Settlement Fund.  Therefore, Lead Counsel will file a motion asking the Court at the Settlement Hearing to make an award of attorneys' fees in an amount not to exceed 25% of the value of the Gross Settlement Fund, and for an award of reasonable litigation expenses not to exceed $100,000, and may also seek Awards to the Plaintiffs not to exceed $5,000 each, for a total of $15,000.  The Court may award less than these amounts.  Any amounts awarded by the Court will come out of the Gross Settlement Fund.

13.     **How do I tell the Court that I do not like the Settlement, the Plan of Allocation, the Request For Attorneys' Fees and Expenses, or the Award to Lead Plaintiff?**

You can tell the Court you do not agree with the Settlement, any part of the Settlement, the Plan of Allocation, Lead Counsel's motion for Attorneys' Fees and Expenses, or the request for an Award to Lead Plaintiffs, and that you think the Court should not approve the Settlement, by mailing a letter stating that you object to the Settlement in the matter of *Christopher Vataj v. William D. Johnson, et al.*, Case No. 4:19-cv-06996-HSG. Be sure to include your name, address, telephone number, signature, a list of your purchases and sales of PG&E common stock in order to show your membership in the Settlement Class, and all of the reasons you object to the Settlement. Be sure to mail the objections to each of the different places listed below. The Court will consider your views if your objections are received before August 26, 2021:

***The Court***

Clerk of the Court
United States District Court
Northern District of California
1301 Clay Street
Suite 400S
Oakland, CA 94612

Defendants

| Jason D. Strabo<br>McDermott Will & Emery LLP<br>2049 Century Park East, Suite 3200<br>Los Angeles, CA 90067-3206 | **AND** | Gavin M. Masuda<br>Latham & Watkins LLP<br>505 Montgomery St., Suite 2000<br>San Francisco, CA 94111-6538 |
|---|---|---|

Plaintiffs:

| Jonathan Horne<br>THE ROSEN LAW FIRM, P.A.<br>275 Madison Avenue, 40th Floor<br>New York, NY 10016 | **OR** | Louis C. Ludwig<br>POMERANTZ LLP<br>10 South LaSalle St.<br>Ste. 3505<br>Chicago, IL 60603 |
|---|---|---|

14.     **What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

15.     **When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Hearing on September 16, 2021, at 2:00 p.m., in Courtroom 2 – 4th Floor, Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, CA 94612. The Court may also hold the hearing by telephone or videoconference.

At this hearing, the Court will consider (i) whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court; (ii) whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Complaint on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Released Persons as set forth in the Stipulation, should be ordered; (iii) whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court; (iv) the application of Lead Counsel for an award of Attorneys' Fees and Expenses, and for Awards to Plaintiffs; (v) Settlement Class Members' objections to the Settlement, whether submitted previously in writing or presented orally at the Settlement Hearing by Settlement Class Members (or by counsel on their behalf); and (vi) such other matters as the Court may deem appropriate.

16. **Do I have to come to the hearing?**

No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

17. **What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against any of the Released Persons about the Released Claims ever again.

18. **Are there more details about the Settlement?**

This Notice summarizes the proposed Settlement. More details are in the Stipulation. You can get a copy of the Stipulation by writing to the Claims Administrator, online at www.pgesecuritiessettlement.com or by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Suite 400 S, Oakland, CA 94612 between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

If you have questions about how to complete a Proof of Claim, you can call the Claims Administrator at (877) 933-2882.


**PLEASE DO NOT CALL OR WRITE TO THE COURT OR THE COURT CLERK'S OFFICE FOR INFORMATION OR ADVICE.**


DATED: April 20, 2021


_____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# EXHIBIT C

**PROOF OF CLAIM AND RELEASE**

**Deadline for Submission:  July 19, 2021**

IF YOU PURCHASED THE COMMON STOCK OF PG&E CORPORATION ("PG&E") BETWEEN DECEMBER 13, 2018 AND OCTOBER 28, 2019, BOTH DATES INCLUSIVE (THE "SETTLEMENT CLASS PERIOD"), YOU MAY BE A "SETTLEMENT CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

Most Claimants submit their Proof of Claim and Release Form electronically. To file your claim electronically, you must complete and submit the form online at www.pgesecuritiessettlement.com no later than July 19, 2021. However, you may also sign this Proof of Claim and Release Form and mail it by first class mail, postmarked no later than July 19, 2021 to the Claims Administrator, at the following address:

*PG&E Corp. Securities Litigation*
Claims Administrator
c/o A.B. Data, Ltd.
P.O Box 173052
Milwaukee, WI 53217

YOUR FAILURE TO SUBMIT YOUR CLAIM BY JULY 19, 2021 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL, AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

**CLAIMANT'S STATEMENT**

1.  I (we) purchased common stock in PG&E and was (were) damaged thereby. (Do not submit this Proof of Claim if you did not purchase PG&E common stock during the designated Settlement Class Period).

2.  By submitting this Proof of Claim, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3.  I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proof of Claim.

4.  I (we) have set forth where requested below all relevant information with respect to each purchase of PG&E common stock during the Settlement Class Period, and each sale, if any, of such securities. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5.  I (we) have enclosed photocopies of the broker's confirmation slips, broker's statements, or other documents evidencing each purchase, sale or retention of PG&E common stock listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6. I (we) understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your recognized claim. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Persons" of all "Released Claims," as defined in the Notice.

8. NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at (877) 933-2882 or visit their website at www.pgesecuritiessettlement.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

**I. CLAIMANT INFORMATION**

| Name |  |  |
|---|---|---|
|  |  |  |
| **Address** |  |  |
|  |  |  |
| City | State | ZIP |
| Foreign Province | Foreign Country | |
| Day Phone | Evening Phone | |
| Email |  |  |
| Last Four of Social Security Number (for individuals) | OR | Last Four of Taxpayer Identification Number (for estates, trusts, corporations, etc.) |

## II. SCHEDULE OF TRANSACTIONS IN PG&E COMMON STOCK

**Beginning Holdings:**

A.   State the total number of shares of PG&E common stock owned at the close of trading on December 12, 2018, long or short (*must be documented).*

**Purchases:**

B.   Separately list each and every open market purchase of PG&E common stock during the period from December 13, 2018 through January 24, 2020, inclusive, and provide the following information (*must be documented):*

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Sales:**

C.   Separately list each and every sale of PG&E common stock during the period December 13, 2018 through January 24, 2020, inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

D.   State the total number of shares of PG&E common stock owned at the close of trading on January 24, 2020, long or short (*must be documented).*

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification Number at the top of each sheet.**

## III. CERTIFICATION

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____

(Signature)

_____

(Signature)

_____

(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)

☐   Check here if proof of authority to file is enclosed. (See Item 2 under Claimant's Statement)

Date: _____

**THIS PROOF OF CLAIM MUST BE SUBMITTED NO LATER THAN JULY 19, 2021 AND MUST BE MAILED TO:**

*PG&E Securities Litigation*
Claims Administrator
c/o A.B. Data, Ltd.
P.O Box 173052
Milwaukee, WI 53217

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by July 19, 2021 and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Proofs of Claim and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim. Please notify the Claims Administrator of any change of address.

**IMPORTANT LEGAL DOCUMENT – PLEASE FORWARD**

### REMINDER CHECKLIST

o   Please be sure to sign this Proof of Claim on page 5.  If this Proof of Claim is submitted on behalf of joint Claimants, then both Claimants must sign.

o   Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

o   Do NOT use highlighter on the Proof of Claim or any supporting documents.

o   If you move after submitting this Proof of Claim, please notify the Claims Administrator of the change in your address.

# EXHIBIT D

# Pomerantz LLP and The Rosen Law Firm, P.A. Announce a Notice of Pendency and Proposed Settlement of Class Action in the Christopher Vataj v. William D. Johnson, et al

NEWS PROVIDED BY
**Pomerantz LLP and The Rosen Law Firm, P.A. →**
May 28, 2021, 10:00 ET

CHICAGO, May 28, 2021 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER VATAJ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM D. JOHNSON, JOHN R. SIMON, GEISHA WILLIAMS, and JASON P. WELLS,<br><br>Defendants. | Case No. 4:19-cv-06996-HSG<br><br>**SUMMARY NOTICE OF CLASS ACTION SETTLEMENT** |

**TO:    All Persons who purchased or otherwise acquired PG&E Corporation ("PG&E") common stock between December 13, 2018, and October 28, 2019, (the "Class Period") inclusive.**

**EXCLUDED FROM THE CLASS ARE DEFENDANTS, THE OFFICERS AND DIRECTORS OF PG&E AND PACIFIC GAS AND ELECTRIC COMPANY, AND THEIR FAMILIES AND AFFILIATES.**

**YOU ARE HEREBY NOTIFIED,** pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California, that a hearing will be held on **September 16, 2021, at 2:00 p.m.**, before the Hon. Haywood S. Gilliam Jr., Oakland Courthouse, Courtroom 2 – 4th Floor, 1301 Clay Street, Oakland, CA 94612.  At this hearing, the Court will consider (i) whether the Settlement of the Settlement Class's claims against the Defendants for $10,000,000 is fair, reasonable, and adequate, and should be approved by the Court; (ii) whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Complaint on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Released Persons as set forth in the Stipulation, should be ordered; (iii) whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court; (iv) the application of Lead Counsel for an award of Attorneys' Fees and Expenses of no more than 25% of the Settlement Fund, reimbursement of expenses of no more than $100,000, and Awards to Plaintiffs of no more than $5,000 each, or $15,000 in total; (v) Settlement Class Members' objections to the Settlement, whether submitted previously in writing or presented orally at the Settlement Hearing by Settlement Class Members (or by counsel on their behalf); and (vi) such other matters as the Court may deem appropriate.[1]

If you purchased or otherwise acquired PG&E common stock trading during the Class Period, your rights may be affected by this Action and the Settlement thereof.  The detailed Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), Motion for Award of Attorneys' Fees and Reimbursement of Litigation Expenses, and Proof of Claim and Release Form are available for download at www.PGESecuritiesSettlement.com or by contacting the Claims Administrator, by mail at: PG&E Corp. Securities Litigation, Claims Administrator, c/o A.B. Data, Ltd., P.O Box 173052, Milwaukee, WI 53217; by telephone at (877) 933-2882; or by email at info@PGESecuritiesSettlement.com.

If you are a member of the Settlement Class and wish to share in the Settlement money, you must submit a Proof of Claim no later than **July 19, 2021**, establishing that you are entitled to recovery.  As further described in the Notice, you will be bound by any judgment entered in the Action, regardless of whether you submit a Proof of Claim, unless you exclude yourself from the

Class, in accordance with the procedures set forth in the Notice, by no later than **August 26, 2021**.  Any objections to the Settlement, Plan of Allocation, or attorney's fees and expenses must be filed, in accordance with the procedures set forth in the Notice, no later than **August 26, 2021**.

Inquiries, other than requests for the Notice, may be made to Lead Counsel for the Settlement Class: Louis C. Ludwig, Pomerantz LLP, 10 South LaSalle Street, Ste. 3505, Chicago, IL 60603, Telephone: (312) 377-1181 <u>or</u> Jonathan Horne, the Rosen Law Firm, P.A., 275 Madison Avenue, 40th Floor, New York, NY 10016, Telephone: (212) 686-1060.

## INQUIRIES SHOULD NOT BE DIRECTED TO THE COURT, THE CLERK'S OFFICE, THE DEFENDANTS, OR DEFENDANTS' COUNSEL

DATED:    April 20, 2021    BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE NORTHERN
DISTRICT OF CALIFORNIA

**Source**

POMERANTZ LLP

600 Third Avenue, 20th Floor

New York, NY 10016

THE ROSEN LAW FIRM, P.A.

275 Madison Avenue, 40th Floor

New York, NY 10016

[1] All capitalized terms herein have the same meaning as prescribed to them in the Stipulation and Agreement of Settlement (the "Stipulation") dated May 14, 2021, and entered in the above-captioned Action.

SOURCE Pomerantz LLP and The Rosen Law Firm, P.A.

Related Links

http://www.pgesecuritiessettlement.com/