DocuSign Envelope ID: 36F9C84D-3439-4873-828C-87C7FBFA908A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER VATAJ, Individually and on Behalf of All Others Similarly Situated, | Case No. 4:19-cv-06996-HSG |
| Plaintiff, | **DECLARATION OF ROBERT ALLUSTIARTI IN SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT, AWARD OF ATTORNEYS' FEES, AWARD TO LEAD PLAINTIFFS, AND RELATED RELIEF** |
| v. | |
| WILLIAM D. JOHNSON, JOHN R. SIMON, GEISHA WILLIAMS, and JASON P. WELLS, | Hon. Haywood S. Gilliam Jr. |
| Defendants. | CLASS ACTION |

Robert Allustiarti, pursuant to 28 U.S.C. § 1746, declares:

1.      I am a court-appointed Lead Plaintiff in this action, alongside Iron Workers Local 580 Joint Funds, and Ironworkers Locals 40, 361 & 417 Union Security Funds. I submit this Declaration in support of Plaintiffs' Motions seeking Final Approval of the Settlement, an award of attorneys' fees, an award to lead plaintiffs, as well as other relief.

2.      For two generations, my family has worked for PG&E. I spent my entire career at PG&E. I worked for PG&E for 35 years, retiring in December 2015. My father also worked for PG&E for 30 years, rising to be Supervisor of Electrical Engineering, a very senior position. Many of my friends are or were PG&E employees. I still live in California.

3.      With my family's history with PG&E, my decision to seek appointment as Lead Plaintiff in a securities class action alleging that PG&E and certain of its officers committed securities fraud was neither easy nor pleasant. I did not take it lightly.

4.      I discharged my responsibilities as Lead Plaintiff conscientiously. I sought to ensure that my counsel achieved the best possible recovery for other class members and me. I remained in close contact with my counsel. I estimate that I spent at least 2 hours on the phone with them. I estimate that I spent 3-4 hours with my broker trying to obtain records of my transactions in PG&E stock to provide to my counsel. I read every document my counsel sent me, including the Initial and Amended Complaints filed in this action, and the documents for the preliminary approval of the settlement. I sometimes read documents twice to ensure I understood them. I estimate that I spent at least 12 hours reading documents my counsel sent me.

5.      I also independently followed news about PG&E to ensure I was aware of any developments. I discussed PG&E news with my counsel. I estimate that I spent at least 100 hours, and likely many more, reading this news.

6.      I seek an award of $5,000 to compensate me for my time and the unique reputational risks I undertook in leading this action. I believe such an award is fair.

7.      After consultation with counsel, I approved the Settlement of this case for $10,000,000. Having considered the strengths and weaknesses of the case in light of the risk and expense of continued litigation, I have concluded that the Settlement is fair, reasonable, and

1

adequate.

8.       I understand that Lead Counsel will seek an award of attorneys' fees in an amount of 25% of the Settlement Amount. I support Lead Counsel's request for attorneys' fees.

9.       I also support Lead Counsel's request for reimbursement of out-of-pocket litigation expenses.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 7/12/2021



DocuSigned by:
Robert Allustiarti
F5D81113C9224C9...

Robert Allustiarti

2