UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER VATAJ, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

WILLIAM D. JOHNSON, JOHN R. SIMON, GEISHA WILLIAMS, and JASON P. WELLS,

Defendants.

Case No. 4:19-cv-06996-HSG

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR ATTORNEYS' FEES**

Hon. Haywood S. Gilliam Jr.

CLASS ACTION

The Court has ordered Co-Lead Counsel to submit the attorney billing records via email to the Court for in camera review. *See* ECF No. 130.

In addition, the Court has requested that Co-Lead Counsel submit additional authorities regarding timing for the payment of attorneys' fees, as well as information about the number of notices that remain undeliverable. *Id.*

## I.    Submission of Attorney Billing Records

Co-Lead Counsel submits herewith – and pursuant to the Court's instructions – their itemized billing records via e-mail for in camera review.

## II.    In-Circuit Authority Favors the Inclusion of Quick Pay Provisions

Fed. R. Civ. P. 23(e)(2)(C)(iii), requires courts to consider "the terms of any proposed award of attorney's fees, including timing of payment." In so doing, federal courts, including courts within this Circuit, "routinely approve settlements that provide for payment of attorneys' fees prior to final disposition in complex class actions." *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 2020 U.S. Dist. LEXIS 129939, 2020 WL 4212811, at *40 (N.D. Cal. July 22, 2020) (quoting *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 U.S. Dist. LEXIS 154288, 2011 WL 7575004, at *1 (N.D. Cal. Dec. 27, 2011)). As one court succinctly put it, "[q]uick pay provisions are common practice in the Ninth Circuit." *In re Optical Disk Drive Prods. Antitrust Litig.*, No. 3:10-md-2143 RS, 2016 U.S. Dist. LEXIS 175515, at *72 (N.D. Cal. Dec. 19, 2016). *See also Miller v. Ghirardelli Chocolate Co.*, No. C-12-04936, 2014 U.S. Dist. LEXIS 141111, at*16 (N.D. Cal. Oct. 2, 2014) ("Such 'quick pay' provisions are routinely approved by courts in this district."); *The PMI Group, Inc. Sec. Litig.*, 3:08-cv-01405-SI, Doc. No. 105 (N.D. Cal. Dec. 20, 2010) (ordering immediate payment of attorneys' fees and expenses); *In re Gilead Sciences Sec. Litig.*, No. C-03-4999-SI, Doc. No. 282 (N.D. Cal. Nov. 5, 2010) (same); *In re CV Therapeutics, Inc. Sec. Litig*, No. C 03-3709 SI, 2007 U.S. Dist. LEXIS 98244, 2007 WL 1033478, at *2 (N.D. Cal Apr. 4, 2007) (same); *In Re Abbott Labs. Norvir Antitrust Litig.*, No. 4:04-cv-01511-CW, Doc. 656 (N.D. Cal. Aug. 12, 2009) (same); *In re KLA-Tencor Corp. Sec. Litig*, C-06-04065-CRB (N.D. Cal. Sep. 26, 2008) (same).

Moreover, courts in this Circuit have repeatedly upheld quick pay provisions like the one in

1

the Parties' Stipulation of Settlement over the arguments of objectors seeking to strike such provisions.  *See*, *e.g.*, *In re Apple Inc. Device Performance Litig.*, No. 5:18-md-02827-EJD, 2021 U.S. Dist. LEXIS 50546, at *44-46 (N.D. Cal. Mar. 17, 2021) (upholding quick pay provision which did not operate to revert funds to defendant); *see also Yahoo*, 2020 U.S. Dist. LEXIS 129939, at *153-54 ("[Objector] McCain claims that quick-pay provisions of this nature are unnecessary following the 2018 amendments to Rule 23(e) …. The Court disagrees."); *Optical Disk Drive.*, 2016 U.S. Dist. LEXIS 175515, at *72 ("Helfand objects to IPPs' settlements because they contain quick pay provisions ….  This Court finds that the inclusion of quick-pay provisions here are appropriate …."); *Rose v. Bank of Am. Corp.*, No. 5:11-cv-02390-EJD, 2015 U.S. Dist. LEXIS 64780, at *9 (N.D. Cal. May 18, 2015) (holding that request to enjoin quick pay provision was "improper and unsubstantiated. The court has never determined that the purported quick pay provision is unfair or otherwise harmful to the class."); *TFT-LCD*, 2011 U.S. Dist. LEXIS 154288, 2011 WL 7575004, at *2-3 (characterizing objection to quick pay provision as "speculative assertion [that] has no basis in fact.).

Such objections – which are not even present here – fail because "[t]he quick-pay provision does not harm the class members in any discernible way, as the size of the settlement fund available to the class will be the same regardless of when the attorneys get paid." *Yahoo*, 2020 U.S. Dist. LEXIS 129939, at *155 (internal quotation omitted).  Finally, "[n]othing in the 2018 amendments [to Rule 23(e)] prevents the Court from approving of such a quick-pay provision and, indeed, other courts have continued to do so." *Id.* at 154 (citing cases).

### III.    The Number of Undeliverable Notices Are Within an Appropriate Range

With respect to the question of notices that remain undeliverable, Co-Lead Plaintiffs attach as Exhibit 1 hereto the Declaration of Eric A. Nordskog Regarding: Mailing of the Postcard Notice and Deliverability Rates ("Nordskog Decl."). As explained therein by Mr. Nordskog, a representative of A.B. Data, the settlement administrator, while A.B. Data has mailed a total of 226,330 copies of the Postcard Notice to potential Settlement Class Members and nominees, only 3,481 mailings have been returned to A.B. Data as undeliverable. Nordskog Decl., ¶3. Further, if a forwarding address is provided, a returned mailing will be forwarded to the appropriate address

and updated in A.B. Data's databases. *Id.*, ¶4. In the even that no forwarding address is provided, A.B. Data utilizes credit-bureaus and/or other public-source databases to perform address searches for the undeliverable mailings. *Id.* If a new address is found using these services, the notice will be remailed using the new address and the record updated in A.B. Data's databases. *Id.*

Of the 3,481 Postcard Notices which were returned as undeliverable, 312 have been remailed successfully and did not return as undeliverable a second time. *Id.*, ¶5. Therefore, at present, a total of 3,169 Postcard Notices remain in undeliverable status or approximately 1.4 percent of the of the total number of Postcard Notices mailed. *Id.* According to Mr. Nordskog – and based on A.B. Data's experience in administering similar settlements – a typical undeliverable rate is roughly 5 to 10 percent, so the 1.4 percent rate present here represents a better than average result. *Id.*

Finally, Mr. Nordskog notes that the undeliverable percentage is subject to mitigatation because, in some cases, potential Settlement Class Members may have changed brokers, thereby leaving the original broker with an outdated address, but then received notice directly through the new broker or nominee. *Id.*, ¶6. Mr. Nordskog attests that, in A.B. Data's experience, it also common for individuals to be made aware of the settlement via other means including access to the case specific website where the relevant notice documents are made available and through the publication of the Summary Notice. *Id.*

**IV.    Conclusion**

For the reasons set forth above, in the previously-submitted briefing before the Court, and in open court at the Final Approval hearing held on September 16, 2021, the Court should (i) finally approve the Settlement, (ii) finally approve the Plan of Allocation, (iii) finally approve the Notice, (iv) finally certify the Class for settlement purposes, (v) approve Lead Counsel's fee and expense request; and (vi) approve the requested awards to Lead Plaintiffs.

Dated: September 24, 2021                    Respectfully submitted,

**POMERANTZ LLP**

*/s/ Louis C. Ludwig*_____

3

Patrick V. Dahlstrom
Louis C. Ludwig
(*admitted pro hac vice*)
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 229-8811
Email: pdahlstrom@pomlaw.com
Email: lcludwig@pomlaw.com

Jeremy A. Lieberman
(*admitted pro hac vice*)
J. Alexander Hood II
(*admitted pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Jonathan Horne (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: jhorne@rosenlegal.com

*Co-Counsel for Co-Lead Plaintiffs*

**THE SCHALL LAW FIRM**
Brian Schall

4

Sherin Mahdavian
Rina Restaino, Esq.
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com
sherin@schallfirm.com
rina@schallfirm.com

*Additional Counsel for Plaintiff Allustiarti*

5