UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER VATAJ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM D. JOHNSON, JOHN R. SIMON, GEISHA WILLIAMS, and JASON P. WELLS,<br><br>Defendants. | Case No. 4:19-cv-06996-HSG<br><br>**PLAINTIFFS' FURTHER SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Hon. Haywood S. Gilliam Jr.<br><br>CLASS ACTION |

The Court has ordered Co-Lead and proposed Class Plaintiffs ("Plaintiffs") to submit a supplemental brief explaining how the Court may grant final approval in light of the fact that the parties' originally-proposed *cy pres* recipient, the Investor Justice Clinic at the University of San Francisco School of Law (the "IJC"), is currently "on pause" due to lack of funding. *See* ECF No. 135.

The Net Settlement Fund will be distributed in the first instance to Settlement Class Members.[1] If any portion of the Net Settlement Funds remains after six months because Settlement Class Members do not deposit their checks, the remaining funds will be redistributed to Settlement Class Members. Any remaining unclaimed funds after this second distribution will be deposited to a *cy pres* recipient. It is appropriate to provide for a *cy pres* distribution where there is the possibility that funds cannot be economically distributed to Settlement Class Members. *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. MDL 2672 CRB (JSC), 2018 WL 6198311, at *5 (N.D. Cal. Nov. 28, 2018)

A *cy pres* recipient must "bear[] a substantial nexus to the interests of the class members." *Lane v. Facebook*, 696 F.3d 811, 821 (9th Cir. 2012). The *cy pres* remedy "must account for the nature of the plaintiffs' lawsuit, the objectives of the underlying statutes, and the interests of the silent class members." *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1036 (9th Cir. 2011). Any geographical nexus should be between the recipient and the location of the class, not the location of the defendant. *See id.* at 1039-40.

In response to the "on pause" status of the IJC and pursuant to the above precedent governing the designation of *cy pres* recipients, Plaintiffs propose the Investor Justice and Education Clinic ("IJEC") at the Howard University School of Law in Washington D.C. (*see* http://law.howard.edu/content/investor-justice-and-education-clinic-ijec) as an alternate *cy pres* recipient of any residual funds that may remain after one or more distributions of the Net Settlement Fund to Authorized Claimants.[2]

---

[1] All capitalized terms herein have the same meanings as used in the parties' Stipulation and Agreement of Settlement (Exhibit 1 hereto).

[2] Plaintiffs have confirmed with IJEC's supervising attorney that it is operational.

1

The IJEC is a clinic at the Howard University School of Law that provides law students with the opportunity to represent clients in securities cases against securities broker-dealers. The IJEC also provides investor education and outreach programs for under-served investing communities in order to provide investment protection education, including a basic understanding of financial markets and professionals and products, as well as community members' rights as investors. Established in 2010, the IJEC has a record of successfully representing investors throughout the country, an objective that tracks closely with the aim of Plaintiffs in litigating this Action. The IJEC also submits comment letters to FINRA and the SEC on issues that affect investors nationwide.[3] The nationwide scope of the IJEC's efforts adequately addresses the Ninth Circuit's geographical nexus requirement.

Furthermore, the IJEC has been approved as a *cy pres* recipient by multiple courts. *See, e.g.*, *Chris Masillionis v. Silver Wheaton Corp*, 15-cv-5146-CAS-PJW, Dkt. No. 509, ¶6 (C.D. Cal. Aug. 30, 2021); *Mihklin v. Oasmia Pharmaceutical AB*, 19-cv-4349-NGG-RER, Dkt. No. 30, at 19-20 (E.D.N.Y. June 12, 2020) approved at Dkt. No. 46; *P. Van Hove BVBA v. Universal Travel Group, Inc.*, 11-cv-2164-JMV-JBC, Dkt. No. 230, (D.N.J. Jan. 1, 2018). Given the IJEC's dedication to investor education and protection, it is an appropriate *cy pres* recipient. In addition, the parties and their counsel do not have any relationship with IJEC other than designating it as a *cy pres* recipient in past settlements. Finally, Plaintiffs attach hereto (as Exhibit 1) a revised settlement agreement reflecting the substitution of the IJEC for the IJC, as required by the Court in its recent Order. *See* ECF No. 135.[4]

Based on the foregoing, Plaintiffs respectfully request that the Court (i) approve IJEC as an alternate cy pres recipient; (ii) finally approve the Settlement, (iii) finally approve the Plan of Allocation, (iv) finally approve the Notice, and (v) finally certify the Class for settlement purposes.

---

[3] https://www.finra.org/sites/default/files/15-37_howard-university_comment.pdf; https://www.sec.gov/comments/s7-07-18/s70718-4946216-178518.pdf

[4] The revised settlement agreement filed herewith as Exhibit 1 reflects the updated "Released Claims" language previously stipulated to by the parties and submitted to the Court on July 13, 2021. *See* ECF No. 120.

Dated: October 29, 2021                    Respectfully submitted,

                                           **POMERANTZ LLP**

                                           */s/ Louis C. Ludwig*
                                           Patrick V. Dahlstrom
                                           Louis C. Ludwig
                                           (*admitted pro hac vice*)
                                           Jared Schneider
                                           (*admitted pro hac vice*)

                                           Ten South LaSalle Street, Suite 3505
                                           Chicago, Illinois 60603
                                           Telephone: (312) 377-1181
                                           Facsimile: (312) 229-8811
                                           Email: lcludwig@pomlaw.com
                                           Email: jschneider@pomlaw.com

                                           Jeremy A. Lieberman
                                           (*admitted pro hac vice*)
                                           J. Alexander Hood II
                                           (*admitted pro hac vice*)
                                           600 Third Avenue, 20th Floor
                                           New York, NY 10016
                                           Telephone: (212) 661-1100
                                           Facsimile: (212) 661-8665
                                           Email: jalieberman@pomlaw.com
                                           Email: ahood@pomlaw.com

                                           Jennifer Pafiti (SBN 282790)
                                           1100 Glendon Avenue, 15th Floor
                                           Los Angeles, California 90024
                                           Telephone: (310) 405-7190
                                           Email: jpafiti@pomlaw.com

                                           **THE ROSEN LAW FIRM, P.A.**
                                           Laurence M. Rosen (SBN 219683)
                                           355 South Grand Avenue, Suite 2450
                                           Los Angeles, CA 90071
                                           Telephone: (213) 785-2610
                                           Facsimile: (213) 226-4684
                                           Email: lrosen@rosenlegal.com

                                           Jonathan Horne (*pro hac vice*)

                                                        3

275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: jhorne@rosenlegal.com

*Co-Counsel for Co-Lead and proposed Class Plaintiffs*

**THE SCHALL LAW FIRM**
Brian Schall
Sherin Mahdavian
Rina Restaino, Esq.
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com
sherin@schallfirm.com
rina@schallfirm.com

*Additional Counsel for Plaintiff Allustiarti*