UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER VATAJ, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM D. JOHNSON, JOHN R. SIMON, GEISHA WILLIAMS, and JASON P. WELLS, <br><br> Defendants. | Case No. 4:19-cv-06996-HSG <br><br> **NOTICE OF MOTION AND MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUNDS** <br><br> Hon. Haywood S. Gilliam Jr. <br><br> Date:  January 5, 2023 <br> Courtroom:  9 – 19th Floor <br> Time: 2:00 p.m. |

## PRELIMINARY STATEMENT

**PLEASE TAKE NOTICE** that on January 5, 2023 at 2:00 p.m., before the Honorable Judge Haywood S. Gilliam, Jr. in Oakland Courthouse, Courtroom 2 – 4th Floor, 1301 Clay Street, Oakland, California 94612, Co-Lead Plaintiffs Iron Workers Local 580 Joint Funds and Ironworkers Locals 40, 361 & 417 Union Security Funds and Robert Allustiarti ("Plaintiffs"), through their counsel, will, and do move this Court for an Order: (a) approving the administrative determinations of A.B. Data, Ltd.'s Class Action Administration Division ("A.B. Data"), accepting and rejecting the claims submitted as recommended herein and in the Declaration of Eric A. Nordskog in Support of Motion for Settlement Class Distribution Order (the "Nordskog Declaration") (Exhibit 1 hereto); and (b) directing distribution of the Net Settlement Fund to Authorized Claimants.

In support of this Motion, Plaintiffs submit the following Memorandum of Law, the Nordskog Declaration, and a Proposed Order.

NOTICE OF MOTION AND MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUNDS
4:19-cv-06996-HSG

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

On April 20, 2021, the Court entered the Order Granting Motion for Preliminary Approval (the "Preliminary Approval Order") (ECF No. 107).

On November 5, 2021, the Court entered the Order Granting Final Approval (the "Final Approval Order") (Docket No. 137).

Lead Counsel[1] has been advised by the court-appointed Claims Administrator, A.B. Data, that it has completed all analyses and accounting procedures in connection with the proofs of claim submitted by those persons who responded to the Notice, and has determined which of those persons are Authorized Claimants. *See* Nordskog Declaration at ¶¶4, 33-36.

All that remains to complete the Settlement process is to distribute the Net Settlement Amount to the Authorized Claimants. *See* Stipulation at D.11. Thus, Lead Counsel requests that the Court authorize the distribution of the Net Settlement Fund to the Authorized Claimants.

### II.   DETERMINATION OF AUTHORIZED CLAIMS

#### A.   Deficient and Ineligible Claims

Pursuant to the Preliminary Approval Order, all claims were to be submitted to the Claims Administrator by July 19, 2021. *See, e.g.*, Final Approval Order at 8. The Claims Administrator has finalized its determination of which claims are authorized and which are ineligible. *See* Nordskog Declaration at ¶4.

A significant number of paper Claims submitted were incomplete or had one or more defects or conditions of ineligibility, such as not being signed, not being properly documented, or not indicating a transaction in PG&E common stock. *Id.*, ¶19. When claims were inadequately documented, A.B. Data sent claimants deficiency letter advising them of the deficiency, and they were given the opportunity to cure the deficiency. *Id.*, ¶20.

---

[1] All capitalized terms herein, unless otherwise indicated, have the same meaning and definition as given to them in the Stipulation and Agreement of Settlement, dated March 9, 2021 (the "Stipulation") (ECF No. 98).

In sum, 22,996 Claims are being recommended for rejection by A.B. Data for the following reasons: (a) 6,698 Claims had no purchase(s) of PG&E common stock during the Settlement Class Period; (b) 15,548 Claims did not result in a Recognized Claim under the Court-approved Plan of Allocation; (c) 719 Claims were duplicates; (d) 25 Claims were withdrawn; (e) 6 Failed to Resolve Deficiencies. *Id.*, ¶36. A.B. Data received only three requests for Court Review from Claimants, but has already resolved all of these requests through Claimant contact. ¶28.

**A.  Properly Documented Claims**

In total, A.B. Data has determined that 6,226 Claims (*i.e.*, 5,924 Timely Submitted and Valid Proofs of Claim and 302 Late but Otherwise Eligible Claims), with a total Recognized Loss Amount of $751,176,050.48, are acceptable and should receive a distribution. Nordskog Declaration at ¶35. The Court should accept all late but otherwise valid claims submitted after July 19, 2021, but received by A.B. Data on or before May 25, 2022, because the untimely filed claims have not caused significant delay to the distribution of the Net Settlement Fund to the Class, or otherwise prejudiced any Authorized Claimant. *Id.*, ¶¶29-30; *see In re "Agent Orange" Product Liability Litig.*, 689 F. Supp. 1250, 1261-63 (E.D.N.Y. 1988) (court permitting the qualifying late claimants and opt-out claimants to participate in the settlement distribution because "[t]he cost to the fund of admitting late claimants and readmitting the opt-out claimants to the class action should be relatively small. No significant administrative costs need be incurred to allow the late claims and opt-out claims."); *see also In re Crazy Eddie Securities Litigation*, 906 F. Supp. 840, 845 (E.D.N.Y. 1995) (court allowing late claims postmarked within one month and four days of original deadline to participate in the distribution of settlement funds). Moreover, as the Court noted in the Final Approval Order, many Claimants received late notice through no fault of their own. *See* ECF No. 137 at 8.

Lead Plaintiffs respectfully request that the Court approve the 6,226 properly documented claims as listed in Exhibits D and E of the Nordskog Declaration.

NOTICE OF MOTION AND MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUNDS
4:19-cv-06996-HSG

## III. DISTRIBUTION OF THE NET SETTLEMENT AMOUNT

Pursuant to the Stipulation and the Plan of Allocation authorized by the Court's Final Approval Order:

The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator upon application to the Court by Lead Counsel for a Distribution Order only after all of the following have occurred: (i) the Effective Date; (ii) all claims have been processed, and all Claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (iii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; (iv) all matters with respect to Attorneys' Fees and Expenses, Award to Plaintiffs, costs, and disbursements have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; and (v) all costs of administration have been paid. [*See* Stipulation at ¶D.11.][2]

Furthermore, "[i]f six months after the initial distribution of funds any funds remain in the Settlement Fund by reason of uncashed checks or otherwise, such funds shall be re-distributed to class members who have cashed their checks and who would receive at least $20 from such re-distribution . . . . If any funds still remain in the Settlement Fund six months after such re-distribution, then the balance will be contributed to the [designated *cy pres* recipient]." ECF No. 137 at 4.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court decide the within motion on the papers, and approve and enter the [Proposed] Order concerning distribution of the

---

[2] The total additional amount requested from the Settlement Fund by Lead Counsel on behalf of A.B. Data is $84,952.25, consisting of $66,627.20 in fees and expenses already incurred and $18,325.05 in anticipation of the work that will be performed for the Initial Distribution, to satisfy all administration fees and expenses. *See* Nordskog Declaration at ¶38.

4

Net Settlement Fund.

Dated: July 29, 2022                    Respectfully submitted,

                                       **POMERANTZ LLP**

                                        */s/ Louis C. Ludwig*_____
                                        Patrick V. Dahlstrom
                                        Louis C. Ludwig
                                         (*admitted pro hac vice*)
                                        Jared Schneider
                                        (*admitted pro hac vice*)

                                        Ten South LaSalle Street, Suite 3505
                                        Chicago, Illinois 60603
                                        Telephone: (312) 377-1181
                                        Facsimile: (312) 229-8811
                                        Email: lcludwig@pomlaw.com
                                        Email: jschneider@pomlaw.com

                                        Jeremy A. Lieberman
                                        (*admitted pro hac vice*)
                                        J. Alexander Hood II
                                        (*admitted pro hac vice*)
                                        600 Third Avenue, 20th Floor
                                        New York, NY 10016
                                        Telephone: (212) 661-1100
                                        Facsimile: (212) 661-8665
                                        Email: jalieberman@pomlaw.com
                                        Email: ahood@pomlaw.com

                                        Jennifer Pafiti (SBN 282790)
                                        1100 Glendon Avenue, 15th Floor
                                        Los Angeles, California 90024
                                        Telephone: (310) 405-7190
                                        Email: jpafiti@pomlaw.com


                                        **THE ROSEN LAW FIRM, P.A.**
                                        Laurence M. Rosen (SBN 219683)
                                        355 South Grand Avenue, Suite 2450
                                        Los Angeles, CA 90071
                                        Telephone: (213) 785-2610
                                        Facsimile: (213) 226-4684

Email: lrosen@rosenlegal.com

Jonathan Horne (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: jhorne@rosenlegal.com

*Co-Counsel for Co-Lead Plaintiffs*

**THE SCHALL LAW FIRM**
Brian Schall
Sherin Mahdavian
Rina Restaino, Esq.
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com
sherin@schallfirm.com
rina@schallfirm.com

*Additional Counsel for Plaintiff Allustiarti*

NOTICE OF MOTION AND MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUNDS
4:19-cv-06996-HSG