UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER VATAJ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM D. JOHNSON, JOHN R. SIMON, GEISHA WILLIAMS, and JASON P. WELLS,<br><br>Defendants. | Case No. 4:19-cv-06996-HSG<br><br>**PLAINTIFFS' SUPPLEMENTAL SUBMISSION IN SUPPORT OF MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUNDS**<br><br>Hon. Haywood S. Gilliam Jr.<br><br><u>CLASS ACTION</u> |

At the conclusion of the October 25, 2022, hearing on Plaintiffs' Motion for Distribution of Class Settlement Funds (ECF No. 140), the Court asked Class Counsel for a supplemental submission with more detail on the claims eligible for payment under the Court-approved Plan of Allocation, including examples of purchases of PG&E common stock during the Class Period which resulted in rejected claims under the "No Recognized Claim" category as calculated under the Plan of Allocation. *See* ECF No. 143. Attached is the Declaration of Eric A. Nordskog ("Nordskog Decl."), which addresses these concerns. *See* Exhibit 1 hereto.

Approximately 32% (or 2,000) of the 6,226 eligible claims filed for shares purchased during the Class Period will receive a *pro rata* award of at least $10.00 pursuant to the Plan of Allocation. *See* Nordskog Decl., ¶2.[1] This minimum payment threshold of $10.00 is incorporated into the Plan of Allocation to avoid the issuance of checks whose negligible value is outweighed by administrative costs, as well as the fact that such small checks are often unlikely to be cashed by class members. *See, e.g., City of Livonia Emples. Ret. Sys. v. Wyeth*, 2013 U.S. Dist. LEXIS 113658, at *7 (S.D.N.Y. Aug. 7, 2013) (quoting, with approval, claims administrator's judgment that "'very small checks, i.e. those under $10.00, are often not cashed initially, and in many cases are never cashed. Moreover, because many small checks are not cashed during their initial valid period, they occasionally need to be, and are subsequently reissued, at the request of the recipient.'"); *Heekin v. Anthem, Inc.*, No. 1:05-cv-01908-TWP-TAB, 2012 U.S. Dist. LEXIS 160864, at *9 n.4 (S.D. Ind. Nov. 9, 2012) (noting "it would cost more than $10.00 in administrative costs to mail a $10.00 check, thus making it cost prohibitive"); *In re Global Crossing Securities and ERISA Litigation*, 225 F.R.D. 436, 463 (S.D.N.Y. 2004) (holding "at some point, the need to avoid excessive expense to the class as a whole outweighs the minimal

---

[1] At the October 25, 2022, hearing, undersigned counsel inadvertently stated that the payment cutoff was $20, not $10 – the $20 is the proposed minimum payment for any *second* distribution of funds to be undertaken in the event of a substantial residual balance following the initial distribution. *See* ECF No. 137 at 4; ECF No. 140 at 4. Undersigned counsel regrets the error, but notes that a $10 – as opposed to $20 – floor should allay the Court's concerns about the denial of claims in the $20 range.

loss to the claimants who are not receiving their de minimis amounts of relief").

Accordingly, minimum distributions have become a routine feature of class action settlement administration. *See*, *e.g.*, *Thomas v. MagnaChip Semiconductor, Inc.*, No. 14-cv-01160-JST, 2016 U.S. Dist. LEXIS 47914, at *10 (N.D. Cal. Apr. 7, 2016) ("No distribution will be made to claimants who would otherwise receive a distribution of less than $10.00."); *In re OCZ Tech. Grp., Inc.*, No. 3:12-CV-05265-RS, 2016 U.S. Dist. LEXIS 190247, at *4 (N.D. Cal. Mar. 11, 2016) ("[the claims administrator] will, pursuant to the terms of the Court-approved Plan of Allocation, eliminate any Authorized Claimant whose Distribution Amount calculates to less than $10.00 …."); *In re Crocs, Inc. Sec. Litig.*, Civil Action No. 07-cv-02351-PAB-KLM, 2013 U.S. Dist. LEXIS 122593, at *18 (D. Colo. Aug. 28, 2013) ("a qualifying class member will not receive a distribution of the Settlement Fund if the class member is entitled to recover less than $10.00."); *City of Livonia*, 2013 U.S. Dist. LEXIS 113658, at *8-9 (rejecting objection to $10 threshold).

With respect to the Court's request here for examples of eligible PG&E purchases during the Class Period that do not result in a Recognized Claim, Exhibit A to the Nordskog Declaration submits three common examples:

- Claim No. 112923928 is an example where the investor purchased shares during the Class Period and held them through the end of the 90-day lookback period. The purchase price was $9.10 per share and the 90-day lookback price is $9.40 per share. The difference between the purchase price and the lookback price is a gain of $0.30. There is no loss; therefore, there is no Recognizable Claim.

- Claim No. 112785127 is an example where the investor purchased shares early in the Class Period and sold before there was any partial disclosure resulting in a loss. Pursuant to in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005), there is no economic loss prior to a disclosure. Accordingly, there is no Recognized Loss for such a claim.

2

- Claim No. 75393658 is an example where the investor purchased shares during the Class Period and sold after a disclosure, but the difference between the purchase price of $10.57 and the sales price of $10.87 resulted in a gain of $0.30 per share. Because there was a gain, there is no Recognized Loss under the Plan of Allocation.

These three claims illustrate different scenarios where a purchase was made during the Class Period but, under the Plan of Allocation, the claim in question does not result in any calculated Recognized Loss. Thus, they were included under the No Recognized Claim category.

Based on the foregoing, Plaintiffs respectfully request that the Court approve Plaintiffs' proposed distribution of the Net Settlement Fund.

Dated: November 8, 2022

Respectfully submitted,

**POMERANTZ LLP**

/s/ Louis C. Ludwig
Patrick V. Dahlstrom
(*admitted pro hac vice*)
Louis C. Ludwig
(*admitted pro hac vice*)
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 229-8811
Email: pdahlstrom@pomlaw.com
         lcludwig@pomlaw.com

Jeremy A. Lieberman
(*admitted pro hac vice*)
J. Alexander Hood II
(*admitted pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Email: jalieberman@pomlaw.com
         ahood@pomlaw.com

Jennifer Pafiti (SBN 282790)

1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Jonathan Horne (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: jhorne@rosenlegal.com

*Co-Counsel for Co-Lead Plaintiffs*

**THE SCHALL LAW FIRM**
Brian Schall
Sherin Mahdavian
Rina Restaino, Esq.
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com
sherin@schallfirm.com
rina@schallfirm.com

*Additional Counsel for Plaintiff Allustiarti*

4